*W. W. Wick,* for the appellant.

*N. B. & C. Taylor,* for the appellee.

---

SHURTZ and Another *v.* WOOLSEY.

If the evidence below tends to sustain the verdict of the jury, this Court will not disturb it.

Shurtz and Another *v.* Woolsey.

Error in granting a continuance, unless it prevent a fair trial thereafter, will not justify a reversal of the judgment afterwards rendered in the case.

To render errors of law, occurring at the trial and excepted to at the time, available in this Court, they must be made the ground of a motion for a new trial and specially pointed out in such motion.

APPEAL from the *Lagrange* Common Pleas.

HANNA, J.— *Woolsey* sued the appellants to set aside an executory contract for the conveyance, by them, of certain lands to him; and, also, to procure the reconveyance of certain other lands transferred to them.

Two causes were averred: fraud of defendants, and infancy of plaintiff.

Answer: denial, and ratification or affirmance of the contract, after the plaintiff had full knowledge and had arrived at his majority. Reply in denial.

Trial by a jury. General verdict for the plaintiff, and answers to special interrogatories. Judgment on the verdict, over a motion for a new trial, and a motion for a judgment for defendants on the special findings, notwithstanding the general verdict.

The evidence is in the record. The special finding is that the defendants made "false representations in regard to the contract," and that the plaintiff relied upon the same and his own judgment both. The evidence is somewhat conflicting upon both points; so much so that we can not disturb the verdict on the ground that it is not sustained by the evidence as to the several points.

As to the plaintiff having been an infant at the time of the contract there is no dispute here; but it is urged that the special finding that he did not, after majority, affirm the contract, is not sustained. The evidence shows that about four months after he became of age, and, perhaps, more than once

after that, the plaintiff offered to surrender the property purchased of defendants if they would reconvey to him the property by him transferred, and return his notes; and that he even proposed to pay 600 dollars to procure a rescission of the contract; that he continued in the possession and use of the property purchased, a saw mill and dwelling, &c., for ten months after he became of age, using and 'claiming it as his own; made a small payment on it, and repeatedly offered to sell it; and did about the time he left it sell some small items of castings or iron belonging to the same. He held it by an article of agreement for a deed, upon payment of some 1500 dollars, balance of deferred payments of the purchase-money. There is no evidence establishing that by any express agreement, after he became of age, he ratified the contract so entered into during his minority.

Were the acts and circumstances referred to sufficient to affirm, or rather do they tend to sustain the verdict and finding of the jury—that there had been no affirmance?

The question appears to have been fully submitted to the jury, and the evidence tends to sustain the finding and verdict.

It is insisted that the Court erred in granting a continuance to the plaintiff at a term previous to the trial, on the affidavit of his attorney, which it is said is insufficient.

It is not shown but that the defendants had as fair a trial at the time it occurred as they could have had at the previous term; no injury is therefore shown to have resulted from the act. Even if it was error, which we need not decide, it should not reverse the judgment.

A question is made in the brief as to the correctness of the ruling in admitting a copy of a deed in evidence; but it is insisted on the other hand that the question is not before us, because in the reasons filed for a new trial the ruling of the Court in admitting improper evidence is not stated specially.

See *Kent* v. *Lawson*, 12 Ind. 675.; *Humphreys* v. *Marshall, id.* 609; *Barnard* v. *Graham*, 14 Ind. 322; *Snodgrass* v. *Hunt*, 15 Ind. 274. Under these authorities we can not consider the point.

*Per Curiam.*—The judgment is affirmed, with costs.

*R. Parrett*, for the appellants.

*J. M. Flagg*, for the appellee.