THE STATE, MORITZ RAPHAEL, PROSECUTOR, v. MICHAEL J. LANE AND JAMES CLIFFORD.

An action was brought in the First District Court of Newark to recover a claim of over $200 under the supplement to the District Court act of March 27th, 1882. *Rev. Sup.*, p. 261. When the case was called for trial the defendant objected to the judge trying the case without a jury, upon the ground that the defendant had not waived a trial by jury. The judge proceeded to try the case without a jury, and gave judgment for the plaintiffs. *Held*, that this proceeding was in violation of article 1, paragraph 7, of the constitution, which declares that the right of trial by jury shall remain inviolate; that the defendant is not bound by the judgment, which should be reversed, and the record remitted to the District Court to be proceeded in according to law.

On *certiorari* to First District Court of Newark.

Argued at June Term, 1893, before Justices DEPUE, LIPPINCOTT and ABBETT.

For the prosecutor, *Chandler W. Riker.*

For the defendants, *Samuel Kalisch.*

The opinion of the court was delivered by

ABBETT, J.   The *certiorari* in this case brings up for review the judgment and proceedings in the First District Court of the city of Newark, wherein a judgment was rendered against the prosecutor on February 13th, 1888, for $312.45. The suit was brought in that court under the act of March 27th, 1882. *Pamph. L.*, p. 195; *Rev. Sup.*, p. 261. When the case came

on for trial before the judge of the District Court, the defendant objected to the proceeding of said trial before the judge without a jury, upon the ground that .the defendant had not waived a trial by jury, and that the plaintiffs, under the· pleadings in the case, could not proceed to prove their case· without one.

These objections were overruled by the court, and the de· fendant's counsel took exceptions to the ruling, which exceptions were allowed. The judge then proceeded to try the· case without a jury, and rendered judgment for the plaintiffs, Lane and Clifford, against the defendant, Moritz Raphael.

The case presents the question whether the proceeding against the defendant was void, he having objected to the proceeding of said trial before the judge without a jury, and he never having waived trial by jury.

The constitution provides (article 1, paragraph 7) as follows : " The right of a trial by jury shall remain inviolate ;· but the legislature may authorize the trial of civil suits, when the matter in dispute does not exceed $50, by a jury of six men."

*Hinchley* v. *Machine,* 3 *Gr.* 476, was a case under an act passed December 10th, 1825. By that act the Courts of Common Pleas of certain counties, of which the county of Morris· was one, were authorized to appoint and hold special terms· for the trial of appeals from the courts for the trial of small causes, in cases where the judgment below had been rendered by a justice of the peace without the intervention of a jury. By a supplement to this act, passed February 20th, 1830, the· same power was extended to all Courts of Common Pleas in the state, with the additional right of trying at such special terms appeals from judgments rendered on the verdicts of juries, if the parties consented to waive the right of trial by jury at the time of setting down such appeals for hearing at the special terms. Previous to the passage of these laws the· Common Pleas of Morris had adopted a rule of practice by which the parties should be considered as waiving their right to such trial, unless they signified their intention of having a· jury on or before a certain day in the term, to which such

appeal should be returned. Under this rule the appeal was ordered on and tried at a special term and, of course, without a jury, because the party complaining had not given notice in the manner required by that rule of his desire to have the cause tried by a jury.

It was insisted by the defendant in *certiorari*—first, that the rule of practice above mentioned was still in force, and the cause therefore rightly tried in the manner it was; and, secondly, that if the old rule of practice had ceased to be operative, yet the judgment ought to stand, because the party had waived the objection by going to trial and making defence.

The court held that neither of these positions was tenable. It held that the former rule of practice required the parties to make their election within a certain time after the list of appeals should be made out by the clerk, whereas, by the supplement of 1830, such election was to be made "at the time of setting down the appeal for hearing at the special term." It held that this act was a virtual repeal of the old rule, for, by the plain terms of the act, the appeal was not to be set down for trial at the special term, unless, at the time of setting it down, the parties consented to waive the right of a trial by jury. It was held that the court could not, by a rule of practice, alter the law and fix any other period for making such election; nor should a party be deprived of the right of a trial by jury upon a mere implied or constructive waiver of such right.

It was also held that if the party had gone to trial before the court at the special term without any objection to the mode of trial, it would have been too late for him to complain about it afterwards. This he did not do. He objected to the proceeding, but the court ordered on the trial. The court held that, therefore, he did not waive his objection by making the best defence he could, for he did not know but it might be his only opportunity to do so. They held that if the court below was right, the judgment must stand; but if they compelled him to go into a trial contrary to law, he ought not to be bound by the judgment. They held that the court

erred in ordering on the trial at the special term. The judgment was therefore reversed and the record remitted to the Court of Common Pleas, to be proceeded in according to law.

In the case of *Ten Eyck* v. *Farlee, Administrator, &c.,* 1 *Harr.* 348, a peremptory *mandamus* was ordered to the Hunterdon Common Pleas to reinstate an appeal where a trial was had without a jury. Mr. Justice Ford, in that case, says: "A party has a vested right to his trial by jury unless he waive it. Courts may prescribe the form of, but cannot dispense with, the waiver."

In the case of *McGinty* v. *Carter*, 19 *Vroom* 113, an action of trespass was brought by the plaintiff against the defendant in the court for the trial of small causes. It was tried before a justice of the peace and a jury and resulted in a verdict of not guilty. On appeal by the plaintiff to the Court of Common Pleas from the judgment entered on this verdict, both parties demanded a trial by jury. It was refused, tried by the court without a jury, and judgment of guilty was rendered against the defendant, with damages assessed at $15. The defendant removed the case by *certiorari*, and the only reason assigned was that he was denied a trial by jury in the Court of Common Pleas. The denial of this trial was based on the supplement to the Small Cause act, dated March 12th, 1880. It secured to either party, on appeal, a trial by jury where there had been a jury trial before the justice, if it were demanded. This provision for a jury trial on appeal, re-enacted in the Revision of 1874, is found in the act of November 23d, 1821, and continued to be the law regulating this class of appeals until the amendment of March 12th, 1880, was passed. This introduced a denial of the right to demand a trial by jury where the judgment appealed from should not exceed, exclusive of costs, the sum of $30, and retained it where the judgment exceeds $30 exclusive of costs.

As in this case the verdict of the jury in the trial before the justice did not exceed the sum of $30, the Court of Com-

mon Pleas on appeal held that this amendment took away the trial by jury on the appeal.

The Supreme Court held that the act of 1821, above referred to, was in effect when the constitution of 1844 was passed, which ordained that the right of trial by jury should remain inviolate, and that as this right of trial by jury had attached in cases of appeal where there had been a jury trial before the justice of the peace in the court for the trial of small causes, no legislation, after the adoption of the constitution of 1844, could deprive a party of that right, unless he assented by express waiver of this personal privilege secured to him.

In *Gartner* v. *Cohen*, 22 *Vroom* 125, which was an application to show cause why a *mandamus* should not issue to compel the judge of the Second District Court of Jersey City to accept the bond and allow an appeal from a judgment in said court in a plea of tort to the Court of Common Pleas of Hudson county, the court, after reviewing the act in relation to said court of March 27th, 1882, extending the jurisdiction of the court to $300, and the act of February 9th, 1886, extending the territorial jurisdiction of District Courts, and the supplement approved March 11th, 1885, in reference to pleadings, where the debt, claim or damage exceeds the sum of $200, making the proceedings conform to those in the Circuit Courts, says :

" This arrangement of these different sections shows that in suits for the recovery of over the amount of $200, the proceedings in these courts of inferior jurisdiction, from the issuing of the summons to the judgment on the review by *certiorari* in the Supreme Court, shall be in the usual form of actions in the higher courts, except that a *certiorari* is used, with a bill of exceptions, instead of a writ of error."

The first section of the act of March 27th, 1882 (*Rev. Sup.*, p. 261), provides " that *from and after the passage of this act* the jurisdiction of each and every District Court established by law in any city of this state, whether by general or special statute, shall be and the same is hereby extended to every suit

of a civil nature at law in which the debt, balance, damage or other matter in dispute does not exceed, exclusive of costs, the sum or value of three hundred dollars; *provided,* that this act shall not be construed to extend to or embrace any suit or action where the title to lands and real estate shall come in question."

The second section provides that in all suits where the claim exceeds the sum of $200, exclusive of costs, that all writs, summons or attachment, warrant, execution, *venire* or other process in any such suit or action shall be issued to the sheriff of the county wherein the city is located, in which any such District Court is established, and shall be issued out of said court and returned thereto in like manner as writs out of the Courts of Common Pleas in this state.

Section 8 of said act provides that in any case where a jury shall be called by either of the parties to any cause in any District Court in this state, in which the debt, damage or other matter in dispute exceeds, exclusive of costs, the sum or value of $200, the fee of each juror that serves in said cause shall be fifty cents per day, to be paid as now provided by law in other cases tried by a jury in said courts.

The fair construction of the act of 1882, as amended as to its third section by the act of 1885, appears to be that a jury trial was contemplated in all matters of dispute exceeding the sum of $200, and that under the act either party was entitled to trial by jury upon demand therefor, where there had been no waiver of such right. It also appears clear that prior to the passage of said act of 1882, extending the jurisdiction of the District Courts, the right of trial by jury existed in the courts where such a suit could be commenced, this being an action to recover the amount due on a promissory note of over $200. This, therefore, being a case where the right of trial by jury existed at the time of the passage of the act of 1882, any construction of this act which would permit the judge to deprive the party of his right of trial by jury would be in violation of the constitution. As the act can be con-

strued so as to make it constitutional, the court will adopt that construction.

The recent cases on this subject are—*Clayton* v. *Clark*, 26 *Vroom* 539, which holds that in an action brought in the District Court where the matter in dispute is above the sum of $200, a demand for a jury, made by the defendant at the proper time, deprives the court of jurisdiction to try the cause otherwise than by a jury.

Such a demand gives the defendant the right of trial by jury, without prepayment of costs or the right to have the action against him dismissed.

The court in this case says : " With reference to the expenses of these statutory courts, it will be observed that the plaintiff and defendant stand in totally different attitudes. The plaintiff chooses the tribunal in which he will bring his suit.   When the amount of his claim is above $200, he has from which to select the Supreme Court, the Circuit Court and the Court of Common Pleas, in all of which a common law trial by jury is provided at public expense.   If with these courts open to him the plaintiff elect to take the defendant before a statutory tribunal, where either party may demand a trial by jury, it is doubtful if he can be heard to complain of any reasonable regulation rendered necessary by the legislative frame of the tribunal selected.   *With the defendant it is totally different.*   The legislature has made the right to a jury absolute if demanded at the proper time.   This defendant has had no voice in choosing the forum ; hence, has submitted himself to no implied conditions arising from its construction.   *He is there in invitum, with the right to question the constitutionality of the procedure in all its steps,* and to ignore utterly all innovations upon his common law rights for which express legislative authority does not exist."

In the case of *Joy & Seliger Co.* v. *Blum*, 26 *Vroom* 518, which was a suit for $200 against a corporation, the court says : " It must be assumed in this case that a jury was not demanded on the trial in the court below, as the record made before us fails to show that such demand was made.   The right of trial by jury

may be waived, and where a party goes to trial before the court without a jury, and *without objection*, he cannot afterwards complain. [Cases cited.] The prosecutor having waived his right of trial by jury, it is unnecessary to consider the constitutional question. By the act of 1878 the District Court has jurisdiction to the extent of $200; and, as causes are triable without a jury, the question whether legal provision has been made for jury trial is not before us."

The defendant in the case before the District Court having objected before trial to a trial without a jury, there is nothing in the present case to show a waiver on his part of his right to a jury trial in this case.

The right to trial by jury in District Courts in cases other than those arising under the act of March 27th, 1882, and its supplements, is not necessarily involved in this case, and the court does not intend to express any opinion whatever in reference to cases not arising under said acts.

The judgment should be reversed, and the record remitted to the District Court, to be proceeded in according to law.