CITY OF HUNTINGTON v. FOLK.

[No. 18,683. Filed Oct. 5, 1899. Rehearing denied Jan. 24, 1900.]

154  91.
162  655,

APPEAL AND ERROR.—*Record.*—Assignments of error based upon the rulings of the court on the pleadings cannot be considered on appeal, where the pleadings in question are not in the record. *pp. 92–94.*

SAME. — *Amendment of Pleading. — Record.* — When an amended pleading is filed it supersedes the original and the latter goes out of the record, and cannot be considered on appeal unless brought into the record by bill of exceptions. *p. 94.*

CONTINUANCE.—*Discretion of Court.*—An application for a continuance is addressed to the sound discretion of the trial court, and

unless it is clearly disclosed that such discretion has been abused, to the injury of the complaining party, the refusal to grant the continuance will not be available error on appeal.  *pp. 94-96.*

CONTRIBUTORY NEGLIGENCE.—*Knowledge of Danger.—Personal Injuries.*—The fact that one injured on a defective sidewalk had previous knowledge in respect to the defective condition of the sidewalk is not alone conclusive upon the question of her contributory negligence so as to prevent a recovery for the injuries sustained, where it is not disclosed that she knew it was unsafe or dangerous. *pp. 96, 97.*

From the Wabash Circuit Court.  *Affirmed.*

*J. F. France, Z. T. Dungan, J. B. Kenner, U. S. Lesh* and *O. H. Bogue,* for appellant.

*M. L. Spencer* and *W. A. Branyan,* for appellee.

JORDAN, C. J.—Appellee sued in the Huntington Circuit Court to recover damages for personal injuries sustained by her through appellant's alleged negligence in maintaining a defective sidewalk.  The venue of the cause was changed to the Wabash Circuit Court.  There was a trial by jury in the latter court and a general verdict returned in favor of appellee, assessing her damages at $5,000, and along with this verdict the jury returned answers to a number of interrogatories.  Over appellant's motion for judgment in its favor upon these answers, notwithstanding the general verdict, and over its motion for a new trial, the court rendered judgment on the general verdict.

Counsel for appellant concede that the evidence is not properly in the record, and the only errors of those assigned which they argue are that the court erred as follows:  (1) In overruling appellant's motion to require appellee to make her amended complaint more specific; (2) in overruling the demurrer to the amended complaint; (3) in overruling appellant's application for a temporary continuance; (4) in overruling the motion for judgment on the answers of the jury to interrogatories.

What purports to be the original complaint is copied by the clerk into the transcript.  A motion to make this complaint more specific, it appears, was filed by appellant on

September 6, 1895, in the Huntington Circuit Court. The case was filed on change of venue in the Wabash Circuit Court on April 2, 1896. On May 5, 1897, appellee filed in a single paragraph what is denominated in the record as "a substituted complaint". After the filing of this latter complaint, appellant moved the court to require appellee to make her complaint more specific in this: To state in a specific manner, "(1) what the defect was that caused the alleged fall and injury; (2) the exact point where the fall occurred; (3) what lot of Mr. Black's was the defect in the walk in front of. Give number of lot."

The record recites that pending this motion leave was granted by the court to appellee to amend the complaint, and that the same was amended; and the court then overruled the motion to make more specific and granted appellant thirty days in which to file a bill of exceptions. The complaint, as amended, is not in the record; therefore the character or nature of the averments of this pleading, as it existed after the aforesaid amendment was made, is not disclosed.

The bill of exceptions recites the grounds upon which the motion to make more specific was based, and that it was overruled, but is entirely silent as to the amendment which appellee made to her complaint, and we are left wholly ignorant in regard to its allegations, after the amendment in question was made, and are uninformed as to what was disclosed upon the point of controversy after the complaint was changed by the amendment made pending the motion to make more specific. For aught appearing, appellee may have amended her pleading so as to conform to the demands of appellant, and that therefore, and for that reason, the motion was denied.

It is evident from the condition of the record that we are not in a position to review the action of the trial court in denying the motion in controversy. After the overruling of this motion, appellant seems to have demurred to the

complaint for insufficiency of facts, and the transcript discloses that, pending this demurrer, upon leave granted, appellee again amended her complaint, and that the court thereupon overruled the demurrer; but neither is the complaint, as amended on this second occasion, nor the particular changes made therein by the latter amendment, set forth in the record. Nothing, therefore, appearing to the contrary, we may assume that the infirmities of the pleading, of which appellant complains, were completely cured by the amendments made pending the demurrer, and before the court overruled it.

The rule is well settled that when an amended pleading is filed, it supersedes the original, and the latter goes out of the record; consequently, by this last amendment, the complaint, to which the demurrer was addressed, was taken out of the record and can not be considered a part thereof on this appeal. The complaint, as last amended, we must presume to be the one upon which the cause was tried, and as this pleading, after it was amended, in no manner appears in the record, therefore no question is presented for review upon the assignment of error based upon the action of the court in overruling the demurrer to the complaint, or that the latter does not state facts sufficient to constitute a cause of action.

It is manifest that when a pleading, upon which error is specified on appeal to this court, is absent from the record, no question, in respect to its sufficiency, can be considered. We have repeatedly affirmed that all cases in this court are tried by the record and that all erroneous rulings complained of must be properly exposed thereby, as all reasonable presumptions will be indulged in favor of the rulings of the trial court.

Appellant contends that the court erred in denying its application for a temporary continuance. This ruling of the court was assigned as one of the reasons in the motion for a new trial, the overruling of which motion is also assigned as

City of Huntington v. Folk.

error in this appeal. It is shown by a bill of exceptions that appellant, on May 4, 1897, moved for a continuance, for the reason that at the commencement of the trial the court permitted the plaintiff to amend her complaint by inserting therein the following: "That the walk, as originally constructed, was made with stringers laid parallel with the line of the walk, about six inches apart, and boards laid across them nailed to said stringers, and, as so made, was a safe and suitable walk; but previously to and at the date aforesaid, said boards had been removed from said stringers for about four feet from the northeast corner of the lot aforesaid, leaving the space between said stringers open, in which said space loose boards were thrown and allowed to so remain for three months prior to said date, and were placed about eight inches below the level of the walk."

The motion for a continuance was supported by affidavit which is embodied in the bill of exceptions. This affidavit, among other things, refers the court to the original complaint, and states that the latter is made a part of the affidavit. It is further averred therein that nothing is alleged in the original complaint, which is stated to have been filed on April 1, 1895, about the defects which caused the injury to plaintiff, and that the changes made by the amendment will require new and additional proof upon the part of the defendant, etc. Neither the original complaint referred to in the affidavit nor any of its averments are embraced in the bill of exceptions. The original complaint, being superseded by the filing of the substituted or amended complaint, as heretofore shown, was no longer in the record; and, as appellant has failed to incorporate it therein by a bill of exceptions, or order of court, it can not be considered on appeal for any purpose.

In the absence, therefore, of that pleading, we are not advised in respect to its allegations or the particular theory which it advanced; and certainly, under such circumstances, we are not in an attitude to determine whether the amend-

ment in question so changed or varied the original complaint as to introduce into the action a new theory or create such an essential difference between it and the amended complaint as to require, upon the trial, on appellant's part, as it is claimed, additional proof.

The lower court had the advantage of having before it both the original complaint and the affidavit filed in support of the motion for a continuance; and was fully advised, we must presume, in respect to the facts therein averred and the statements made in the affidavit; and, therefore, under the circumstances, was in a much better position than we are to determine whether the appellant had shown a good cause for continuance by reason of the amendment made to the complaint in controversy.

Under §394 R. S. 1881 and Horner 1897, §397 Burns 1894, an application for a delay or continuance of a cause is addressed to the sound discretion of the trial court, and where, as in this case, for the reasons stated, it is not clearly disclosed on appeal that such discretion has been abused, to the injury of the complaining party, the refusal to grant the continuance will not be available error. *Moulder* v. *Kempff*, 115 Ind. 459; *Cerealine Mfg. Co.* v. *Bickford*, 129 Ind. 236; *Brandt* v. *State, etc.*, 17 Ind. App. 311. *Danley* v. *Scanlon*, 116 Ind. 8, under the facts as presented on the question involved, lends no support to appellant's contention.

It is finally urged that the court ought to have sustained appellant's motion for judgment in its favor upon the answers of the jury to the interrogatories, notwithstanding the general verdict, for the reason, as asserted, that these answers disclose that appellee was guilty of contributory negligence. We have read and considered the interrogatories and discover no grounds for affirming that they are antagonistic, upon that question, to the general verdict. They reveal that when appellee stepped upon the sidewalk, at the time of the accident, she looked to see where she

stepped, and that the board upon which she placed her foot appeared to be safe and firm to walk over; that there was no sidewalk on the opposite side of the street and that the weather, on the day of the accident, was intensely cold, and the sidewalk where the accident occurred was her shortest and most usual route in going to and from the business portion of the city of Huntington.

While it is true that the interrogatories show that appellee, prior to the time she was injured, had passed over the walk and knew of its defective condition, still there is nothing in the special findings to disclose that she knew it was unsafe or dangerous.  Her previous knowledge in respect to the defective condition of the sidewalk would not alone be conclusive upon the question of her contributory negligence and thereby preclude a recovery by her upon the general verdict.  *Citizens Street R. Co.* v. *Sutton,* 148 Ind. 169, and cases there cited.

No available error being shown by the record, the judgment is therefore affirmed.