## EARL *v.* STATE OF INDIANA.

[No. 24,557.  Filed March 9, 1926.  Rehearing denied May 20, 1926.]

1. COURTS.—*Rules of court are binding on the court as well as the litigants.*—Rules of court are binding not only upon litigants but upon the court itself.  p. 704.
2. CRIMINAL LAW.—*Sufficiency of evidence to sustain conviction not presented on appeal where evidence not recited in appellant's brief.*—Under cl. 5 of Rule 22 of the Supreme and Appellate Courts, no question is presented as to the sufficiency of the evidence to sustain a conviction where appellant has not set out in his brief a recital of the evidence.  p. 704.

From Vigo Circuit Court; *John P. Jeffries,* Judge.

Jack Earl was convicted of selling intoxicating liquor, and he appeals.  *Affirmed.*

*Beecher & Beecher,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

MYERS, J.—Appellant was charged by affidavit and convicted in the court below of the offense defined by

§20, Acts 1917 p. 15, §2740 Burns 1926. From a judgment rendered against him, he prosecuted this appeal, assigning as error the overruling of his motion for a new trial wherein, as his only cause therefor, he asserts that the finding of the court was not sustained by sufficient evidence.

It appears from appellant's brief, under the heading of "Argument," that five witnesses gave testimony upon the trial of this cause. Three for the state, we infer from what is there said, testified that on two different occasions they purchased intoxicating liquor from appellant. This testimony was denied in toto by the defendant and his wife.

The only question sought to be presented on appeal depends entirely upon a consideration of the evidence to sustain the finding of the court. There is no attempt whatever on the part of appellant to prepare his brief in compliance with Rule 22, cl. 5 of the rules of this and the Appellate Court, by including therein a condensed recital of the evidence in narrative form, nor does it contain the points relied on, or any authority to support his contention of insufficient evidence.

The state insists that we enforce the above rule, and has refused to supply the defects in appellant's

1. brief. Rules of court are not only binding upon litigants, but the court itself as well.

For failure of appellant to prepare his brief in compliance with the above mentioned rule, no question on the evidence is presented for our consideration.

2. Barksdale v. State (1925), 196 Ind. 392, 147 N. E. 765; Wallace v. Shoemaker (1924), 194 Ind. 419, 143 N. E. 285; Rooker v. Fidelity Trust Co. (1921), 191 Ind. 141, 163, 131 N. E. 769.

Judgment affirmed.