## STAIR *v.* MEISSEL.

[No. 14,728. Filed January 3, 1935.]

*Frank C. Dailey,* and *William C. Welborn,* for appellant.

*Edmund L. Craig,* and *William L. Mitchell,* for appellee.

CURTIS, J.—This action was commenced in the superior court of Vanderburgh county, Indiana, on the 30th day of July, 1931. The complaint alleged that on September 1, 1926, the defendant (appellant) executed and delivered to the plaintiff (appellee) 65 promissory notes each for $750.00 and providing for interest and attorneys' fees thereon, secured by a chattel mortgage on certain personal property described in said mortgage; that 51 of said notes had been paid, leaving 14 notes which were due and unpaid, for which a judgment was sought. The complaint also contained allegations for the appointment of a receiver without notice and for the foreclosure of said mortgage and that after notice the receivership should be made to continue "pending the termination of this action; that the receiver be given the powers incident to receivers under the laws of the State of Indiana and be authorized and directed to immediately take charge of said property and to deal therewith under the order and directions of the court."

Upon the filing of the complaint and the issuing of summons thereon on the 30th day of July, 1931, the court appointed a receiver of the goods and chattels of the defendant covered by the mortgage, "pending the hearing as herein fixed, as to the continuance of the receivership created hereby, without notice," and the said appointment was made permanent pending the litigation after hearing on the response to the rule to show cause, on the 13th day of August, 1931. In the meantime, on the 11th day of August, 1931, the defendant, appellant herein, filed his answer in general denial to plaintiff's complaint, and thereupon filed his motion and affidavit for change of venue from the county. Ruling on the defendant's motion for change of venue from the county was suspended by the court until the 14th day of August, 1931, after the hearing held on the receivership application, and thereupon, on the 14th day of August, 1931, the court sustained the motion of the appellant for change of venue from the county of Vanderburgh "as to the main cause of action herein," and overruled the same as to the receivership. Incidentally it may be mentioned that an appeal was taken by the appellant in the instant case from the orders of the court in said receivership matter, assigning as one of the alleged errors the ruling of the court denying a change of venue from the county therein. The appeal went to the Supreme Court and was decided adversely to the appellant. See *Stair* v. *Meissel* (1934), 207 Ind. 280, 192 N. E. 453.

On the 27th day of November, 1931, the appellant filed his verified petition in the Warrick circuit court, to which court the venue of the main cause of action had been changed for an order to stay proceedings in the cause "pending the transfer on change of venue of the entire cause, to Warrick County, Indiana, and pending the determination of the Supreme Court of Indiana of

the rightfulness of the order of appointment of the receiver herein."

On the 28th day of November, 1931, the court overruled the verified petition to stay proceedings, to which ruling of the court the appellant at the time excepted. On the 30th day of November, 1931, the appellant filed his motion and affidavit for a continuance of the cause in the Warrick circuit court, which was overruled, to which ruling of the court the appellant at the time excepted.

After the court overruled appellant's said motions for a stay of proceedings and for a continuance, trial was had before the court without the intervention of a jury, resulting in a judgment and decree against the appellant in the amount of Fourteen Thousand Five Hundred Dollars and 37/100 and for a foreclosure of said mortgage. The property covered by the mortgage or so much thereof as was necessary was ordered sold to satisfy the judgment. The decree also covered the contingency of a deficit after the sale price was added to the net amount of money in the receivership and to the contingency of an excess.

The appellant seasonably filed a motion for a new trial which was overruled with an exception. This appeal followed. The only questions raised arise out of the ruling on the motion for a new trial. The causes or grounds of the motion argued and relied upon for reversal are that the decision of the court is contrary to law; is not sustained by sufficient evidence; error in the rulings of the court on the motion for a stay of proceedings and for a continuance in the Warrick circuit court; that the Warrick circuit court had no jurisdiction for the reason that the property was held in *custodia legis* in the superior court of Vanderburgh county and that the Warrick circuit court had no jurisdiction to order the said property sold by the sheriff of

that county by reason of the fact that it was held in *custodia legis* by the superior court of Vanderburgh county by its receiver.

The appellant himself, by his motion and affidavit for a change of venue from the county, brought about the ruling of the court which separated the receivership proceeding from the main action, the receivership proceeding remaining in the superior court of Vanderburgh county and the main action on the notes and for foreclosure of the chattel mortgage going to the Warrick circuit court on appellant's said motion and affidavit for a change of venue from the county. As heretofore pointed out, the Supreme Court, in the case of *Stair* v. *Meissel, supra,* affirmed the ruling of the lower court in denying the change of venue from the county sought in the receivership matter. Assuming, therefore, that the ruling of the court in denying the change of venue sought in the receivership matter was correct, it is difficult or impossible for us to find any error in the ruling of the trial court in the instant case in refusing to stay the proceedings in the main action as asked for by the appellant. Neither do we find any abuse of the discretion which is lodged in the trial court in the matter of the continuance asked for by the appellant. On the day of trial the matter had been pending in the Warrick circuit court for approximately 90 days. Upon the showing made we cannot conclude that there was any abuse of the trial court's discretion in its ruling denying the continuance. An application for a continuance is addressed to the sound discretion of the trial court and its ruling thereon will not be disturbed on appeal unless the record clearly shows an abuse of its discretion to the injury of the complaining party. See section 1152, Vol. 1, Watson's Revision of Works Practice and Forms and the numerous cases cited therein. See also *Indiana Quarries Com-*

*pany* v. *Lavender* (1917), 64 Ind. App. 415, 114 N. E. 417; *City of Huntington* v. *Folk* (1900), 154 Ind. 91, 54 N. E. 759.

The appointment of the receiver was manifestly made for the purpose of preserving the property and the status of the parties with reference thereto pending the determination of the main action to which this receivership is incidental. The incidental proceeding in receivership may be separated from the main action by a change of venue from the county in the main action. See *Stair* v. *Meissel, supra; Bitting* v. *Ten Eyck* (1882), 85 Ind. 357.

The appellant asks us to hold in the instant case, and under the record as it is presented to us, that where a receiver is appointed of the goods and chattels covered by a chattel mortgage pending a suit upon the notes secured thereby and for a foreclosure of the chattel mortgage, and where the venue of said receivership is held in the original court but a change of venue from the county is granted and perfected in the main cause of action, that the court to which the change of venue is taken has no power to proceed with said main action by reason of the fact that the property is held in *custodia legis* of the original court. The situation, which the appellant calls anomalous, is produced, as heretofore pointed out, by his own motion in securing said change of venue in the main action. We cannot adopt the contention of the appellant. Such is not the law. The rule contended for by the appellant that the possession of the *res* vests the court which first acquired jurisdiction with the exclusive power to hear and determine all controversies relating thereto, does not apply to cases where a change of venue has been taken in the main action and the incidental receivership remains pending in the original court under the facts of the instant case. Such rule ap-

plies when an original action is filed in each court of equal jurisdiction and one court is attempting to interfere with the court which first took possession of the *res*. There is no suggestion in the instant case that there is the slightest interference or conflict between the two courts and it is to be noted that the receiver is not a party hereto or that there was any objection on his behalf to the proceeding herein. The objection comes wholly from the appellant. If the ancillary proceeding in the receivership such as the instant case is separated from the main action by a change of venue from the county in the main action, a practice which as heretofore pointed out has the sanction of the Supreme Court, then certainly the power of the court to which the main action is sent should not be suspended by the reecivership. Some of the authorities in other jurisdictions hold as a matter of law that where a receivership is merely incidental to the main action, and when the main action is transferred to another court by a change of venue, that the receiver becomes an officer of the latter court. In all events in the instant case there is no conflict in jurisdiction shown by the record. We hold that the Warrick circuit court did not err in proceeding to determine the merits of the main cause of action.

We do not believe that the decree and judgment attempted to cover more property than that covered by the mortgage. The court of course would be limited, so far as the foreclosure is concerned, to such property as is described in the mortgage and this court will indulge the presumption that the trial court did not in its decree and judgment exceed its powers.

The evidence is not before us. It is therefore impossible for us to determine whether or not the decision of the court is sustained by sufficient evidence. We do not

believe that the decision of the court is contrary to law. We have found no reversible error.

Judgment affirmed.