## THOMPSON *v.* CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY CO.

[No. 15,985. Filed November 22, 1937. Rehearing denied January 27, 1938. Transfer denied March 22, 1938.]

*Vaughn & Vaughn, Fraser & Isham, Charles D. Lesley* and *Carl M. Franceschini,* for appellant.

*Stuart, Stuart & De Vol, Cable G. Ball, Burton B. Berry* and *Wilbur G. Nolin,* for appellee.

BRIDWELL, J.—Appellant brought this action against the appellee and one Robert Pannell, and by his complaint sought to recover a judgment against both of the defendants thereto, the complaint charging that the negligence of the defendants caused the death of appellant's minor son, whose death resulted from injuries sustained by him when an automobile in which he was riding, and a train operated by appellee through its duly authorized agent, the defendant Robert Pannell, collided.

After the issues were closed the cause was submitted for trial by a jury and the following verdict was returned: "We the jury find for the plaintiff against the defendant, Cleveland, Cincinnati, Chicago & St. Louis Railway Company, and fix the amount of his damages at $7,000.00, and we further find for the defendant, Robert F. Pannell." Judgment on the verdict in favor of the defendant, Pannell, was thereafter rendered on October 17, 1936, the date of the return of the verdict. Appellant, on November 14, 1936, filed his motion for a *venire de novo,* and his motion for a new trial as to both defendants. Appellee moved for a dismissal of the cause as to it. On December 23, 1936, the court overruled appellant's motion for a *venire de novo,* and overruled his motion for a new trial, appellant reserving an exception to each of said rulings. The separate motion of appellee to dismiss was sustained and appellant excepted. A judgment of dismissal as to said defendant was rendered. This appeal followed.

Appellee has entered its special appearance and filed a verified motion to dismiss the appeal, asserting therein that "this court has no jurisdiction of this appeal for the reason that one of the two defendants in the trial court, to-wit: Robert F. Pannell, who had a verdict of the jury in his favor and against the appellant (plaintiff) and who recovered a judgment on said verdict

against appellant and is therefore adverse to appellant and interested in maintaining the verdict and judgment appealed from, and a necessary party on appeal, is not made a party to this appeal as appellee, nor is said defendant named in appellant's assignment of errors filed herein on March 23, 1937."

The record substantiates the averments of the motion to dismiss. Appellant's assignment of errors does not attempt to make the said Robert F. Pannell a party appellee, and he is not named, or in any manner referred to in the caption or elsewhere in said assignment.

Pending action on said motion to dismiss, the appellant, on October 26, 1937, filed his petition for "leave to amend the said assignment of errors by writing therein as a party appellee the name of Robert Pannell." The record discloses that appellant's motion for a new trial was overruled on December 23, 1936, and that final judgment against appellant was rendered on that day. Our statute, effective when this appeal was attempted to be consummated, provides that an appeal may be taken within 180 days from the date of final judgment. More than 180 days have elapsed since that date, and it has been repeatedly held by the courts of review of this state that the court is without power to grant leave to amend an assignment of errors after the time for perfecting an appeal has expired. See *Voss* v. *Balz* (1932), 203 Ind. 221, 179 N. E. 552; *In re Wiles, In re Gibbs* (1935), 208 Ind. 271, 195 N. E. 572, and authorities therein cited.

The petition of appellant to amend his assignment of errors is denied in line with the many decisions of this state that this court is without authority to do otherwise.

Appellant, in his brief in opposition to the motion to dismiss, contends that such motion should be overruled

for the reason that "said motion is based upon a highly technical error," and that the appellee has failed to show wherein it has been harmed; that the assignment of errors should not be held to be the complaint in the Appellate Court because no pleadings are required in the Appellate Court. A further contention is best evidenced by the following quotation from said brief: "The appellant is not unmindful of the decision of the Supreme Court of Indiana in the case of *Voss* v. *Balz,* 179 N. E. 552. However, it is respectfully submitted that this decision and others following it, or other like decisions, are contrary to reason and are not justified by any interpretation of any existing statute pertaining to an assignment of errors."

While it is true that our statute relating to assignment of errors (Sec. 2-3225 Burns 1933, §502 Baldwin's 1934) does not specifically require the setting forth of the names of the parties appellant and appellee in such assignment of errors, yet for many years the rules of the Supreme and Appellate Courts have required that this be done, and it has often been said that the assignment of errors constitutes the appellant's complaint in the court of review, and that such court obtains jurisdiction only over those parties named in such assignment.

Our Supreme Court and this court have also held with a unanimity of decisions that rules of court are not only binding upon litigants, but upon the courts as well, and that such rules have the force and effect of law. See *Magnuson* v. *Billings* (1899), 152 Ind. 177, 180, 52 N. E. 803; *Earl* v. *State* (1926), 197 Ind. 703, 151 N. E. 3; *Gedney and Sons, Inc.* v. *Tinner* (1933), 95 Ind. App. 544, 183 N. E. 886; *Rooker* v. *John Hancock Mut. Life Ins. Co.* (1934), 98

Ind. App. 478, 484, 184 N. E. 306, and authorities there cited.

It is provided by Rule 6 of the Supreme and Appellate Courts, adopted November 1, 1933, and applicable in this appeal, that "the assignment of errors shall contain the full names of all parties to the judgment, and process, when necessary, shall issue accordingly." Our Supreme Court, in the consolidated cases of *In re Wiles, In re Gibbs, supra,* where the names of all parties affected by the judgment were not set forth in the assignment of errors, in speaking of this rule and its effect, says (p. 274) :

> "The requirement of Rule 6 of this court is jurisdictional, and obtains in all cases, except as otherwise modified by statute. This principle has been enunciated by this court so many times that it should not be necessary to cite authority. In *Rockey* v. *Hershman* (1923), 193 Ind. 168, 175, 138 N. E. 339, it is held that: '. . . the assignment of errors in this court is appellant's complaint presenting questions of law only to be determined from the record. Furthermore, the long-settled practice and Rule 6 of this court require the assignment to contain, either in the title or in the body thereof, the full names of all the parties affected by the judgment from which the appeal is taken. This requirement is jurisdictional and must obtain in all cases except as otherwise modified by statute.' "

(Authorities are then cited, and many others could have been added to the ones compiled had the court deemed it necessary to do so.) Quoting again from the opinion:

> "Rule 6 makes it clear that the assignment of errors must contain the names in full of the parties to the appeal. Harry Dunn, the auditor of Marion County, is not named either in the caption or in the body of the assignment of errors as the appellant; neither is William F. Charters so named. It was said by this court in *Nordyke & Marmon Co.* v. *Fitzpatrick, supra,* that (p. 666) : 'It is an imperative requirement that the assignments of error

in appeals to this court must contain the names in full of all the parties to the appeal—both appellants and appellees.' In fact, this has been the holding of both the Supreme and Appellate Courts in many decisions. It is equally and firmly settled that the assignment of errors constitutes the appellant's complaint. . . . Clearly the assignment of errors is insufficient."

Appellant, among other things, seeks to have this court determine whether the trial court erred when it overruled his motion for a new trial as to both defendants. He has failed to make one of the parties to said motion whose interests were and are adverse to his own and in whose favor judgment was rendered, a party appellee, and he has therefore failed to take the necessary steps to confer jurisdiction upon this court to decide the questions he seeks to have reviewed. In view of the unbroken line of decisions in this state relating to the subject-matter herein discussed, we conclude that the motion to dismiss the appeal should be, and the same is, sustained.

Appeal dismissed.