HAAS *v.* OLSON

[No. 27,296.   Filed April 2, 1940.]

*Foster Bruce* and *Otto J. Bruce,* both of Crown Point, for appellant.

*Frank B. Pattee* and *Wendell C. Hamacher*, both of Crown Point, for appellee.

SHAKE, C. J.—Appellant and her husband, now deceased, owned a tract of land adjacent to Cedar Lake, in Lake County, Indiana. In 1921 and 1925, they subdivided parts of said tract into lots, retaining title, however, to an unplatted area between the subdivisions and the lake. Thereafter, appellee's husband, now deceased, purchased from the appellant and her husband four of said lots and an adjoining unplatted parcel of land, all of which is now owned by the appellee, and upon which valuable improvements have been erected. The deed by which appellee's real estate was conveyed to her husband contained the following provision:

> "Grantors also grant unto the grantee access to and the use of the private beach now on grantors land fronting upon Cedar Lake and to the pier on the beach of said lake on said lands and grantee agrees to pay his proportionate share of the expense of maintaining said pier; grantees rights of access to and use of said private beach and pier are hereby granted for the use and benefit of grantee, his grantees, successors in interest and to run and be held and retained by him and his successors as a covenant running with the land."

The third paragraph of appellee's complaint, upon which the case was tried, alleged that the appellant had obstructed appellee's access to the lake by means of fences, a bath house, and a breakwater erected on that part of the appellant's land lying between the appellee's property and the lake, in violation of the said covenant contained in said deed. There was a prayer for a mandatory injunction against the appellant requiring her to remove said obstructions and to perpetually enjoin her from interfering with appellee's access to and use of the beach of said lake.

The appellant unsuccessfully demurred to the third paragraph of complaint, and thereafter answered in general denial and with two affirmative paragraphs. The second paragraph of answer alleged that the appellee had consented to and acquiesced in the construction of the breakwater referred to in the complaint. The third paragraph stated, by way of argumentative denial, that the appellant had not precluded the appellee from access to the lake over the appellant's property, and that the appellee had a way of ingress and egress to the shore of the lake over public streets. The appellant also filed a cross-complaint to quiet her title to her land situated between the appellee's property and the lake against all rights claimed therein by the appellee. The case was tried by the court and resulted in a finding for the appellee. The judgment required the appellant to remove the obstructions complained of and enjoined her from interfering with the right of the appellee to the use of a way from her property to the beach of the lake over appellant's land.

The errors properly assigned assert in substance that the demurrer to the third paragraph of complaint was improperly overruled, that appellant was denied a jury trial, and that the decision of the court is not sustained by sufficient evidence and that it is contrary to law. The alleged error with respect to the ruling on the demurrer is not sufficiently presented by the appellant's brief. There has been no attempt to point out any specific defects in the complaint in that part of the brief devoted to propositions and authorities, and we have found none. The memorandum to the demurrer contains six specifications, but none of these have been otherwise referred to in the appellant's brief. We are unable to determine the

nature of the objection to the third paragraph of complaint which the appellant desires to have us consider.

The record discloses that on the 6th day of June, 1939, this cause was pending in the Porter Circuit Court, and that on that day the motion of the appellant to submit the issues to a jury for trial was denied, to which ruling of the court the appellant at the time excepted. Thereafter, the appellee dismissed the case as to a number of parties who had theretofore been defendants, and by agreement of the parties the jurisdiction of the action was transferred from the Porter Circuit Court to the Lake Circuit Court for trial. The transcript was filed in the office of the clerk of the Lake Circuit Court on June 8th, and the trial was commenced on June 12th. The record of the beginning of the trial is as follows:

"Come now the parties hereto and this cause is submitted to the court for hearing and trial, without the intervention of a jury . . ."

It will be noted that the appellant's request for a jury was not made at the commencement of the trial, nor was it addressed to the court that heard the case. Under this state of the record it must be held that the appellant did not save the question of her right to a jury trial. The rule applicable has been stated as follows:

"A demand for a jury trial must be made at the time of trial. A demand made on a previous day or at a previous term is not sufficient, unless the rules of court require it." II Watson's Works Practice, § 1528, p. 198.

In *Blair* v. *Curry* (1898), 150 Ind. 99, 100, 101, 46 N. E. 672, 49 N. E. 908, this court said:

"One of the grounds specified in the motion for a new trial was the action of the trial court in overruling appellant's motion for a jury trial of the

cause. A bill of exceptions shows that a demand was made for a jury trial by the appellant on the ninth judicial day of the May term for 1895, which demand was refused at that time. And such bill shows that the cause was tried at the October term for 1895, by the court without a jury. But there is no showing in the bill that any demand or request was made at that term for a jury. . . . Therefore, at the time this record shows, the trial took place, there was no demand or request made that the cause be tried by a jury, or that a jury be impaneled to try the cause. Failure to demand a jury at the time the trial begins is a waiver thereof."

The question as to whether the decision of the court is sustained by the evidence is presented under appellant's propositions and authorities as follows:

"The decision of the Court is not sustained by sufficient evidence. This is the third ground stated in the motion for a new trial.

"This requires a consideration of the evidence, but the evidence conclusively shows that the agreement contained in the deed, was at all times carried out by the appellant and by her husband in his lifetime.

"See general bill of exceptions containing the evidence.

"See, also, the condensed recital of the evidence in the brief."

This is the only reference to the sufficiency of the evidence under the appellant's propositions and authorities. It is not in substantial compliance with Rule 18 of this court. Likewise, the proposition that the decision of the court is contrary to law is vague and indefinite. No points are stated and no authorities cited thereunder. Appellee also contends, with much persuasion, that the condensed recital of the evidence set out in appellant's brief is insufficient to present the questions urged under appellant's motion

for a new trial. No effort was made by the appellant to correct the defects in his brief, after they were pointed out, and we would be warranted in refusing to consider the merits of the appeal. We have, however, examined the recital of the evidence contained in the bill of exceptions and are of the opinion that the decision is sustained by the evidence and that it is not contrary to law.

Judgment affirmed.

NOTE.—Reported in 26 N. E. (2d) 35.