STATE EX REL. HUNT *v.* HEIL, JUDGE.

[No. 28,774. Filed February 2, 1951. Amended Petition denied April 2, 1951.]

*William H. Hunt, pro se.*
*Henry L. Heil, pro se.*

PER CURIAM.—On October 20, 1950, this court refused to issue an alternative writ of mandate on the petition of this relator because the relator's petition was insufficient under Rule 2-35. See *State ex rel. Hunt v. Orange Circuit Court* (1950), 228 Ind. 576, 94 N. E. 2d 545.

On January 20, 1951, the relator filed another petition for writ of mandate, which seems to seek the same relief. It, too, wholly fails to comply, or attempt to comply, with Rule 2-35, and the issuance of an alternative writ is, therefore, denied.

NOTE.—Reported in 96 N. E. 2d 337.

## DECISION ON AMENDED PETITION

DRAPER, J.—On October 20, 1950, this court refused to issue an alternative writ of mandate on the petition of this relator because the relator's petition was insufficient under Rule 2-35. 228 Ind. 576, 94 N. E. 2d 545.

On January 20, 1951, the relator filed another petition for writ of mandate which seemed to seek the same relief. It, too, wholly failed to comply or attempt to comply with Rule 2-35, and the issuance of an alternative writ was therefore denied. 229 Ind. 251, 96 N. E. 2d 337.

On March 26, 1951, the relator filed another petition which purports to be an amended petition, and is filed under Number O-171, the number assigned to the peti-

tion filed on January 20. The present petition, like the others, wholly fails to comply with Rule 2-35 and no effort to comply therewith seems to have been made.

The issuance of the alternative writ must therefore be denied.

The filing of these petitions by the relator *pro se* would seem to indicate that he does not care to avail himself of the services of the public defender. If the relator is not versed in the law, as seems apparent, but he nevertheless chooses to act as his own lawyer, he must necessarily struggle under the handicaps that result from his incarceration, *State ex rel. Fulton* v. *Schannen* (1946), 224 Ind. 55, 64 N. E. 2d 798, and lack of specialized knowledge.

"Rules of court have the force and effect of law and are binding upon courts and litigants alike." *Earl* v. *State* (1926), 197 Ind. 703, 151 N. E. 3; *Thompson* v. *C. C. C. & St. L. Rwy. Co.* (1938), 105 Ind. App. 97, 11 N. E. 2d 81. Compliance with the rules aids both court and party. Rule 2-35 provides, among other things, that "If the relief sought relates to a proceeding in an inferior court certified copies of all pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto."

The petition here relates to a proceeding in an inferior court, but wholly fails to comply with the above requirement. If such certified copies of the pleadings, orders and entries were furnished as required, we might be able to discover what relief, if any, the relator is entitled to. As it is, we are left without sufficient information to form the basis for intelligent action.

Writ denied.

NOTE.—Reported in 97 N. E. 2d 634.