DYKIEL ET AL. *v.* HILSON LUMBER AND SUPPLY CO. ET AL.

[No. 18,832.  Filed January 11, 1957.  Rehearing denied May 15, 1957.  Transfer denied June 19, 1957.]

*A. H. Sambor,* of East Chicago, and *D. P. Sevald,* of Hammond, for appellants.

*Charles Levin, Paul B. Huebner, Arnold G. Huebner, Huebner & Huebner,* all of Hammond, for appellees.

CRUMPACKER, J.—In May, 1952, the appellants were the owners of a certain lot in the city of East Chicago, Indiana, upon which they desired to erect a dwelling house and to that end they let a general contract to Lake County Builders Inc. By sub-contract with said general contractor, the appellee, Hilson Lumber & Supply Co., hereinafter referred to as Hilson, furnished materials that went into the construction of said house of the value of $1,601.57 upon which it was paid $1,000 leaving a balance due of $601.57. Also by sub-contract with said general contractor, the appellees Mary Clusserath, Elizabeth Gibbs, Gerald T. Clusserath and Clement A. Clusserath, doing business as Budd The Furnace Man and Sons, hereinafter referred to as Budd, furnished the heating plant that went into said house of the value of $500.00 for which they have been paid nothing. Both Hilson and Budd attempted to secure their claims by placing mechanic's liens on appellants' said real estate as provided by statute. Hilson, feeling that there had been long and unreasonable delay in the payment of its claim, filed suit against the appellants by a complaint in two paragraphs by the first of which it sought to foreclose its said lien and by the second of which it sought a personal judgment against the appellants for materials furnished at their special instance and request. Budd, being a lien holder on the property involved, was made a party defendant to the suit and answered by way of cross-complaint in two paragraphs against the appellants by the first of which it sought to foreclose its lien and by the second of which it

sought a personal judgment for goods, wares and merchandise furnished the appellants at their special instance and request. Upon trial the court refused to foreclose either of said liens but found for both Hilson and Budd on the second paragraph of their complaints in the sum of $601.57 and $500.00 respectively, upon which finding judgment was duly entered. We are asked to reverse this judgment upon the appellants' contention (1) that it is not sustained by sufficient evidence, and (2) that it is contrary to law.

The appellants' brief fails to contain a narrative statement of the evidence and it is impossible for us to determine whether or not such evidence is sufficient to sustain the court's findings and judgment without resort to the record which we will not do for the purpose of seeking out causes for reversal. The Supreme Court has said that alleged errors are not presented for review under a brief requiring the court to go to the transcript to get a satisfactory concept thereof. *State ex rel.* v. *Hinds, Trustee* (1929), 200 Ind. 613, 165 N. E. 754.

The appellants' contention that the judgment is contrary to law is based on two propositions. First, they say that both Hilson and Budd, as sub-contractors, failed to serve them with notice of their intentions to hold them personally responsible for the services and materials furnished under contract with Lake County Builders Inc., the general contractor, as required by §43-709, Burns' 1952 Replacement. Second, they contend that in the absence of such notice there can be no personal judgment against them because at no time did there exist a contractual relationship, either express or implied, between them or either Hilson or Budd. To determine these questions we are driven to the transcript because of the absence of the evidence in the appellants' brief and, under the author-

ity of *State ex rel.* v. *Hinds; Trustee, supra,* we are constrained to hold that such questions are not presented.

Judgment affirmed.

NOTE.—Reported in 139 N. E. 2d 450.