SPANGLER *v.* UNITED STATES RUBBER COMPANY.
[No. 19,481. Filed June 14, 1962.]

*George C. Uhlir* and *Marshall, Hillis & Hillis,* both of Kokomo, for appellant.

*Forrest E. Jump, Joseph A. Noel,* and *Richard P. Good, Jr.,* and *Jump, Noel, Lacey, Angel & Good,* both of counsel, all of Kokomo, for appellee.

PFAFF, J.—This is an action on a written guaranty signed by appellant guaranteeing payment to appellee for certain goods sold on credit to Bud Carson Tire Service, Inc. The issues upon which the case was tried were formed by appellee's complaint, appellant's answer in two paragraphs, and appellee's reply to the second paragraph of answer. The reply was filed on February 21, 1956, thereby placing the cause at issue.

On November 13, 1956, approximately eight and one-half months after the cause was at issue and had been assigned for trial, appellant filed a counter-claim and request for jury trial. Appellee filed its motion to strike the counter-claim and request for jury trial, which motion was sustained by the court on April 21, 1958. No leave of court was requested by appellant to re-open the issues until after the trial court sustained the motion to strike the counter-claim and request for jury trial. Later appellant filed his motion for leave to file a counter-claim and request for jury trial, which motion was denied on October 1, 1958.

On March 23, 1959, appellant filed what is designated as a "Plea in Abatement", but was actually a request that the cause not be tried until after another case pending in the Appellate Court between appellant and another plaintiff had been decided, it being alleged that the same questions of law were raised in that case as in the present case. Whether a continuance should be granted or not rests in the sound discretion of the trial court.

In 6 West's Indiana Law Encyclopedia, *Continuance*, §1, p. 37, it is stated that: "The question of the grant or denial of a continuance lies within the trial court's discretion, and a cause will not be reversed on account of the denial of a continuance unless it is clearly disclosed that the discretion has been abused." *Louisville, etc., Traction Co.* v. *Montgomery* (1917), 186 Ind. 384, 115 N. E. 673; *Moulder* v. *Kempff* (1888), 115 Ind. 459, 17 N. E. 906; *Shurtz and Another* v. *Woolsey* (1862), 18 Ind. 435; *Simpson* v. *Swinehart* (1951), 122 Ind. App. 1, 98 N. E. 2d 509; *Stair* v. *Meissel* (1935), 99 Ind. App. 495, 193 N. E. 398; *City of Huntington* v. *Folk* (1900), 154 Ind. 91, 54 N. E. 759; *Kroll* v. *Smith, et al.* (1957), 127 Ind. App. 178, 139 N. E. 2d 573; *Freimann* v. *Gallmeier* (1945), 116 Ind. App. 170, 63 N. E. 2d 150.

Many questions are presented to this court and the Supreme Court each year, and many of them are questions which were raised and decided previously in other appeals. If trial courts were required to continue trials in every case where there is or might be a similar question under consideration on appeal in other cases, the work of the trial courts would be greatly impeded. The trial court in this case did not in our opinion abuse its discretion in denying the continuance.

Trial was had by the court without the intervention of a jury. The court made a special finding of facts, stated conclusions of law thereon, and rendered judgment in favor of appellee.

Rule 1-8A of the Supreme Court provides that if a jury is not requested within the time therein specified it shall be deemed waived. Appellant did not timely request a jury trial, but argues that the rule is not mandatory and that it was error

to deny him a jury trial. The application and constitutionality of Rule 1-8A has been passed upon by our Supreme Court. In *Hayworth* v. *Bromwell* (1959), 239 Ind. 430, 434, 158 N. E. 2d 285, Judge Bobbitt said:

> "Article 1, §20, of the Constitution of Indiana provides:
>
> "'In all civil cases, the right of trial by jury shall remain inviolate.'
>
> "We agree with appellant that the right to a trial by jury is substantive law which this court cannot change. Rule 1-8A, *supra,* which fixes the time within which a request for a trial by jury must be made, does not take away the right to a jury trial. It only provides the method of waiving such right.
>
> "It is well settled that the right to a jury trial may be waived: *Madison and Indianapolis Railroad Company* v. *Whiteneck* (1856), 8 Ind. 217, 218; *Blair* v. *Curry et al.* (1898), 150 Ind. 99, 101, 46 N. E. 672; *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1, 44, 87 N. E. 215, 90 N. E. 65, 30 L. R. A. (N. S.) 85; *Kelso* v. *Cook* (1916), 184 Ind. 173, 192, 110 N. E. 987, 1918 E. Ann. Cas. 68; *Haas* v. *Olson* (1940), 217 Ind. 50, 53, 26 N. E. 2d 35; *Clodfelder* v. *Walker* (1955), 234 Ind. 219, 223, 125 N. E. 2d 799; *Thayer* v. *Shorey* (1934), 287 Mass. 76, 191 N. E. 435, 437, 94 A. L. R. 307; *Campbell* v. *Sutliff* (1927), 193 Wis. 370, 214 N. W. 374, 377, 53 A. L. R. 771; *Farmer* v. *Loofbourrow* (1954), 75 Idaho 88, 267 P. 2d 113, 116, 41 A. L. R. 2d 774; and courts may prescribe the form of the waiver. *Ten Eyck* v. *Farlee, Admr. & c.* (1838), 16 N. J. L. 348; *Raphael* v. *Lane* (1893), 56 N. J. L. 108, 111, 28 Atl. 421."

It has been held many times that the Rules of the Supreme and Appellate Court have the force and effect of law and are binding on the courts and litigants alike. *State ex rel. Hunt* v. *Heil* (1951), 229 Ind. 250, 96 N. E. 2d 337, 97 N. E. 2d 634;

*Earl* v. *State* (1926), 197 Ind. 703, 151 N. E. 3; *Thompson* v. *C. C. C. St. L. Rwy. Co.* (1938), 105 Ind. App. 97, 11 N. E. 2d 81. Compliance with the rules aids both court and party. See also 7 West's Indiana Law Encyclopedia, *Courts*, §42, p. 439, and cases there cited.

Appellant further contends that it was error to strike out his counter-claim and states that the identical question under the same state of facts is involved in the case of *Spangler* v. *Armstrong Rubber Company* (1962), 133 Ind. App. 411, 178 N. E. 2d 764, Transfer denied May 24, 1962.

It might be pointed out that in the present case appellee has by means of a special bill of exceptions brought before us a rule of the Howard Circuit Court, adopted 1951, which reads as follows: "When the issues are closed in a case, they shall not be re-opened, except on good cause shown and at the cost of the party applying to open the issues."

As was true in the case of *Spangler* v. *Armstrong Rubber Company, supra,* the issue attempted to be raised by the counter-claim was before the court under appellant's second paragraph of answer and was there adjudicated adversely to appellant. If it was error to strike the counter-claim such error was not prejudicial to appellant. *Horace F. Wood Transfer Co.* v. *Shelton* (1913), 180 Ind. 273, 101 N. E. 718; *McKay* v. *Corwine* (1919), 69 Ind. App. 208, 119 N. E. 471; *Gwinn* v. *Hobbs* (1920), 72 Ind. App. 439, 118 N. E. 155.

Appellant also argues in his motion for a new trial that the decision of the court is not sustained by sufficient evidence and is contrary to law. The evidence is not set out in appellant's brief, as specifically required by Rule 2-17(d). The

argument is based upon certain alleged evidence and a bill of particulars, but since these are not before us we may not consider them. To do so would require us to resort to the record, which we will not do for the purpose of seeking out causes for reversal. *Reserve Life Ins. Co.* v. *Anderson, Admr. etc.* (1957), 127 Ind. App. 561, 142 N. E. 2d 486; *Dykiel et al.* v. *Hilson Lumb. & Sup. Co. et al.* (1957), 127 Ind. App. 485, 139 N. E. 2d 450.

In 2 West's Indiana Law Encyclopedia, *Appeals*, §385, p. 251, it is stated:

> "As a part of the 'concise statement of the record,' it may be necessary to set forth a condensed recital of the evidence. The applicable portion of Rule 2-17(d) is as follows: 'If the verdict or finding is assailed as contrary to law for lack of evidence, or is not sustained by sufficient evidence, the statement shall contain a condensed recital of so much of the evidence in narrative form with references to pages and lines of the transcript as is necessary to present accurately and concisely a full understanding of the questions presented.' On a failure to set forth a condensed recital of the evidence within the rule questions depending on the evidence are waived, and no such questions are presented. Where the appellant does not make a good faith effort to comply with the rule requiring a condensed recital of the evidence, the reviewing court will not consider the recital as set forth in the brief, nor will it search the record in order to reverse. An appellant's recital of the evidence, which omitted many pages of the record evidence and which set out only as evidence, questions, objections thereto, offers of proof, and, in some instances, the rulings of the court, was not a 'condensed recital' of so much of the evidence as was necessary to present the questions involved as required by the court rule. Several decisions hold that it is not the appellee's duty to supply evidence omitted from the appellant's brief, but the appellee has the right to assume that the rule

requiring a condensed recital of the evidence in narrative form will be enforced by the reviewing court." See cases cited. See also Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, §2677, Comment 8, and cases there cited.

Appellant has shown no reversible error.

Judgment affirmed.

Kelley, P. J., Bierly and Gonas, JJ., concur.

NOTE.—Reported in 183 N. E. 2d 212.