HAYWORTH v. BROMWELL.

[No. 29,766. Filed May 15, 1959.]

*Hartell F. Denmure,* of Aurora, *Paul Schnaitter,* of Madison and *Ewing Wright,* of Osgood, for appellant.

*Hugh D. Wickens, Hubert E. Wickens,* of Greensburg, and *Amos Jackson,* of Versailles, for appellee.

BOBBITT, J.—Plaintiff-appellant sought to recover damages because of the death of his daughter, as the result of a collision between an automobile in which she was riding as a guest and one driven by defendant-appellee.

Venue of the case was changed to Ripley County on April 14, 1955. The issues were closed on May 26, 1955, by the filing of defendant-appellee's answer, and on December 8, 1955, plaintiff filed his "motion" for a trial by jury. This motion was overruled, and the case tried by the court without the intervention of a jury. Judgment was for the defendant-appellee.

Two questions are presented by appellant's brief.

1. Did the court err in overruling appellant's motion for a jury trial?
2. Is the decision of the trial court sustained by sufficient evidence?

We shall consider these questions in the order named.

*First:* Appellant asserts that it was error to overrule his motion for a jury trial because Rule 1-8A of this court, 1958 Edition, violates the provisions of Amendment 7 of the Constitution of the United States and Art. 1, §20, of the Constitution of Indiana.

Amendment 7 of the Constitution of the United States does not apply to trials in State Courts. *Ed-*

*wards* v. *Elliott* (1874), 21 Wall. (88 U. S.) 532, 22 L. Ed. 487, 492; *Pearson* v. *Yewdall* (1877), 95 U. S. 294, 24 L. Ed. 436, 437; *Ex Parte: Spies* (1887), 123 U. S. 131, 31 L. Ed. 80, 86, 8 S. Ct. 21; *Eilenbecker* v. *District Court of Plymouth County, Iowa* (1890), 134 U. S. 31, 33 L. Ed. 801, 803, 10 S. Ct. 424.

Article 1, §20, of the Constitution of Indiana provides:

"In all civil cases, the right of trial by jury shall remain inviolate."

We agree with appellant that the right to a trial by jury is substantive law which this court cannot change. Rule 1-8A, *supra*, which fixes the time within which a request for a trial by jury must be made, does not take away the right to a jury trial. It only provides the method of waiving such right.

It is well settled that the right to a jury trial may be waived: *Madison and Indianapolis Railroad Company* v. *Whiteneck* (1856), 8 Ind. 217, 218; *Blair* v. *Curry et al.* (1898), 150 Ind. 99, 101, 46 N. E. 672; *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1, 44, 87 N. E. 215, 90 N. E. 65, 30 L. R. A. (N. S.) 85; *Kelso* v. *Cook* (1916), 184 Ind. 173, 192, 110 N. E. 987, 1918E Ann. Cas. 68; *Haas* v. *Olson* (1940), 217 Ind. 50, 53, 26 N. E. 2d 35; *Clodfelder* v. *Walker* (1955), 234 Ind. 219, 223, 125 N. E. 2d 799; *Thayer* v. *Shorey* (1934), 287 Mass. 76, 191 N. E. 435, 437, 94 A. L. R. 307; *Campbell* v. *Sutliff* (1927), 193 Wis. 370, 214 N. W. 374, 377, 53 A. L. R. 771; *Farmer* v. *Loofbourrow* (1954), 75 Idaho 88, 267 P. 2d 113, 116, 41 A. L. R. 2d 774; and courts may prescribe the form of the waiver. *Ten Eyck* v. *Farlee,*

*Admr. &c.* (1838), 16 N. J. L. 348; *Raphael* v. *Lane* (1893), 56 N. J. L. 108, 111, 28 Atl. 421.

While the rignt itself is a substantive matter, the ■ method or manner in which it may be waived or exercised is clearly a procedural question.

"The time, place, and mode of doing an act in court is, generally speaking, a proper subject of regulation by rules, and litigants may be ■ required to comply with rules upon these subjects, and in default of such compliance may be deemed to have waived their rights." 7 R. C. L., Courts, §52, p. 1025. See also: *State ex rel. Blood et al.* v. *Gibson Circuit Ct.* (1959), 239 Ind. 394, 157 N. E. 2d 475.

It is the right to a trial by jury, rather than the ■ method of procedure, which is guaranteed by our Constitution.

"It is well settled that the object of a constitutional provision guaranteeing the right of a trial by jury is to preserve the substance of the right rather than to prescribe the details of the methods ` by which it shall be exercised and enjoyed." *People* v. *Kelly* (1931), 347 Ill. 221, 179 N. E. 898, 899, 80 A. L. R. 890, 892.

Also, it is the substance of the right which "shall ■ remain inviolate," not the manner in which it is exercised or waived.

The phrase "shall remain inviolate" as used in Art. 1, §20, means "continue as it was at common law." *Coca-Cola Bottling Works* v. *Harvey* (1935), 209 Ind. 262, 263, 198 N. E. 782.

The word "inviolate" as used in the constitutional guarantee of trial by jury has also been held to mean - "freedom from . . . substantial impairment," ■ but not from reasonable regulations which do not affect the substance of the right. *Humphrey* v. *Eakley* (1905), 72 N. J. L. 424, 60 Atl. 1097, 1098;

*Commonwealth* v. *Fugmann* (1938), 330 Pa. 4, 198 Atl. 99, 111; *People* v. *Peete* (1921), 54 Cal. App. 333, 202 Pac. 51, 66; *State* v. *Mercier* (1925), 98 Vt. 368, 127 Atl. 715, 716; *State* v. *Furth* (1940), 5 Wash. 2d 1, 104 P. 2d 925, 933; *Fisch* v. *Manger* (1957), 24 N. J. 66, 130 A. 2d 815, 820.

The making of a reasonable regulation of the method of enjoyment of the right of trial by jury is not a denial or impairment of the right. *Conneau* v. *Geis* (1887), 73 Cal. 176, 14 Pac. 580, 581.

The Legislature may properly enact a law providing that in civil actions a party shall not be entitled to a trial by jury unless he files, within the time fixed, a notice that he desires it, or a demand for such trial, such being only a reasonable regulation. *Indianapolis, etc., Traction Co.* v. *Brennan, supra* (1910), 174 Ind. 1, 44, 87 N. E. 215, 90 N. E. 65, 30 L. R. A. (N. S.) 85; 16 R. C. L., Jury, §17, p. 198.

This court has held that failure to demand a jury at the time the trial begins is a waiver thereof. *Blair* v. *Curry et al., supra* (1898), 150 Ind. 99, 101, 46 N. E. 672.

The rule in Indiana prior to the adoption of Rule 1-8A, *supra,* was as follows:

"A demand for a jury trial must be made at the time of trial. A demand made on a previous day or at a previous term is not sufficient, *unless the rules of court require it.*" (Our italics.) Works' Practice and Forms, Watson's Rev., Vol. II, §1528, p. 198.

Rule 1-8A, *supra,* does not prohibit a jury trial, nor does it affect the substance of the right thereto. It merely regulates the method of enforcing the right by

providing that a jury trial shall be waived unless requested within the time fixed by the rule.

The Legislature has very properly provided ways in which a jury trial may be waived. Acts 1881 (Spec. Sess.), ch. 38, §393, p. 240, being §2-1904, Burns' 1946 Replacement. It then would seem to follow logically that this court, under the authority delegated to it by Acts 1937, ch. 91, §1, p. 459, being §2-4718, Burns' 1946 Replacement, can provide additional methods or ways of waiving such right,[1] provided they tend to expedite the decision of cases or remedy abuses which exist in the practice, and do not impair the substance of the right to a trial by jury.

Under the rule prevailing prior to the adoption of Rule 1-8A, *supra,* a jury trial could be demanded on the morning the trial was to begin. This resulted in many delays and added to the cost of litigation. The effects of such action are so generally known that it seems unnecessary to burden this opinion by elaborating on them.

The adoption of Rule 1-8A, *supra,* was simply an act by this court designed to expedite the decision of cases and remedy an abuse in the practice. See: *State ex rel. Janelle* v. *Lake Sup. Ct.* (1957), 237 Ind. 3, 4, 143 N. E. 2d 288.

The provision of the Constitution of Indiana that the right to a trial by jury in all civil cases shall remain inviolate means that the substantial elements and incidents, which pertained to a trial by jury at common law, shall not be altered or changed by the Legislature or the courts and are preserved in substance as they existed at common law.

1. See: *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1, 87 N. E. 215, 90 N. E. 65, 30 L. R. A. (N. S.) 85.

Rule 1-8A, *supra*, which fixes the time within which a request for trial by jury in civil cases shall be made, is a reasonable procedural regulation designed █ to prevent delays, to expedite the decision of cases, and to remedy a common abuse in the practice. It does not in any way affect the substantive or essential elements of a trial by jury as it existed at common law and is not in violation of appellant's right to a trial by jury as guaranteed by Art. 1, §20, of the Constitution of Indiana.

*Second*: An allegation by appellant that the decision of the court is not sustained by sufficient evidence presents no question to this court be- █ cause the burden was upon him to establish the allegations of his complaint, and a decision against him cannot be attacked upon the ground that there is insufficient evidence to sustain it. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 528, 529, 104 N. E. 2d 669.

For the reasons above stated the judgment of the trial court must be affirmed.

Judgment affirmed.

Landis, C. J., Achor and Arterburn, JJ., concur.

Jackson, J., not participating.

NOTE.—Reported in 158 N. E. 2d 285.