## DOVER v. REYNOLDS.

[No. 19,583. Filed February 12, 1963. Rehearing denied March 18, 1963. Transfer denied with opinion February 10, 1964, reported in 196 N. E. 2d 76.]

*David L. Matthews* and *George R. Patton,* of South Bend, for appellant.

*William E. Mills,* of South Bend, for appellee.

RYAN, J.—The record in this case discloses the following pertinent sequence of events:

October 30, 1957, plaintiff-appellant filed her complaint for damages for personal injuries alleged to have been sustained as the result of a collision between an automobile in which the plaintiff-appellant was a passenger and an automobile that was driven by the appellee.

July 25, 1958, defendant-appellee *filed his answer* in two paragraphs, *Paragraph I being an admission and denial under Supreme Court Rule 1-3,* and Paragraph II alleging that the injuries of the plaintiff-appellant were proximately caused by the negligence of a third party; defendant-appellee on the same date filed his cross-complaint and requested that the court join two additional parties as cross-defendants.

September 29, 1958, plaintiff-appellant filed her demurrers to Paragraph II of the defendant-appellee's answer and to the cross-complaint.

April 17, 1959, the court sustained the plaintiff-appellant's demurrers to the defendant-appellee's second paragraph of answer and the defendant-appellee's counterclaim. On the same date the record discloses "plaintiff now requests trial by jury."

June 10, 1959, discloses the following entry:

"Plaintiff's request for trial by jury having been made more than ten days after the issues were joined on plaintiff's complaint and defendant's answer thereto, being the issue upon which said cause is to be tried, plaintiff's request for trial by jury is denied.

"Defendant's motion for trial by court is sustained.

"Cause ordered set for trial before the court without the intervention of a jury."

The case was tried on December 21 and 22, 1959, and judgment was rendered by the court, without the intervention of a jury, against the plaintiff-appellant and in favor of the defendant-appellee.

The plaintiff-appellant filed a motion for a new trial, alleging: 1. that the decision of the court was contrary to law, and 2. irregularities in the proceedings, in that the court denied the plaintiff a trial by jury.

As to the first specification that the decision of the court is contrary to law, appellant makes no argument thereunder and thus such specification is waived.

The second specification, that there were irregularities in the proceedings, in that the court denied the plaintiff-appellant a trial by jury, involves the construction of Supreme Court Rule 1-8A. This rule as originally adopted September 25, 1953, effective January 1, 1954, read as follows:

"Rule 1-8A. Request or Demand for Trial by Jury. A jury trial in other than criminal cases, where trial by jury may now be had, may be requested by any party within [*not later than*] *ten (10) days after the closing of the issues upon which the cause is tried.* A jury trial not so requested shall be deemed waived.

"A demand for trial by jury may not be withdrawn without the consent of all other parties. (Adopted September 25, 1953. Effective January 1, 1954.)" (emphasis ours)

It was amended in May, 1958, effective September 1, 1958, and the rule presently reads as follows:

"Rule 1-8A. Request for Trial by Jury. A jury trial in all cases other than criminal, where trial by jury may now be had, may be requested by any party *not later than ten (10) days after the issues are first closed upon which the cause is tried,* or if the issues are closed without answer by operation of law, or where a cause is remanded for a new trial by the Appellate or Supreme Court, not later than ten (10) days after the party has knowledge the cause is ready to be set for trial. Provided that in event an application for change of judge or change of venue from the county is granted within said ten (10) day period, such request for trial by jury shall be made within ten (10) days after the special judge is qualified or the party has notice the cause has reached the receiving county, or has notice the change from the county has not been perfected. A jury trial not so requested shall be deemed waived.

"A demand for trial by jury may not be withdrawn without the consent of all other parties. Adopted September 25, 1953. Effective January 1, 1954. Amended May 15, 1958. Effective September 1, 1958." (emphasis ours)

Appellant's basic contention is substantially that the rule as originally adopted is applicable and that the issues upon which the cause was tried were not closed until April 17, 1959, on which date the court sustained the demurrers to the "special answers and cross-complaint" and that the appellant complied with Rule 1-8A by requesting a jury trial on such date. On oral argument appellant conceded, however, that if the rule as amended was to be applied, then the request for a jury trial *was not timely made.*

The principles and objectives of Rule 1-8A were completely set forth in the case of *Hayworth* v. *Bromwell* (1959), 239 Ind. 430, 158 N. E. 2d 285. The Supreme Court in *State* v. *Marion Juvenile Court* (1962), 243

Ind. 209, 184 N. E. 2d 20, at 184 N. E. 2d page 21, reiterated those principles by stating:

"To require the trial court to grant a jury trial under the facts in this case would establish a precedent under which a defending party in any case could delay filing his answer (even though not required to file an answer under the procedure) until the day of trial and then request a jury trial or, under the rule with reference to a change of venue, request a change of venue. To permit such an interpretation of our rule is not consistent with its objective.

"In *Hayworth* v. *Bromwell* (1959), 239 Ind. 430, 437, 158 N. E. 2d 285, 288, we said:

" 'Under the rule prevailing prior to the adoption or Rule 1-8A, *supra,* a jury trial could be demanded on the morning the trial was to begin. This resulted in many delays and added to the cost of the litigation. The effects of such action are so generally known that it seems unnecessary to burden this opinion by elaborating on them.

" 'The adoption of Rule 1-8A, *supra,* was simply an act by this court designed to expedite the decisions of cases and remedy an abuse in the practice.' "

The rule as originally adopted, and as amended, clearly requires the request for a jury trial to be made within ten (10) days after the issuss are closed *upon which the cause is tried.* True, the language is varied slightly and the word "first" is inserted. But the principles and objectives of the rule remain the same as stated in *Hayworth* v. *Bromwell* and *State* v. *Marion Juvenile Court, supra.*

The record discloses that an answer was filed to the complaint on July 25, 1958, thus closing those issues upon which this cause was tried.

"Issues must be formed in all civil cases. This means complaint and answer." *State ex rel.* v. *Whit-*

*ley Circuit Court* (1963), 245 Ind. 259, 186 N. E. 2d 881.

Appellant's request for a trial by jury had to be made within ten (10) days thereof, or else the same would be deemed waived. Having failed to file such request within the ten (10) days, appellant did in fact waive trial by jury.

Appellant's contention would, we submit, require us to rewrite the rule in derogation of its clear and express intent, which we are not at liberty to do. The simple expedient of avoiding the problem as presented would seem to be the filing of a request for a jury trial along with the filing of the complaint or answer.

There being no error, the judgment is affirmed.

Judgment affirmed.

Cooper, C. J., and Carson, J., concur; Clements, J., dissents.

### DISSENTING OPINION

CLEMENTS, J.—The majority opinion creates too technical a rule of procedure to be burdened upon lawyers and judges.

The complaint in this cause was filed on October 30, 1957, and on July 25, 1958, the defendant-appellee filed his answer in two paragraphs and cross-complaint bringing in new parties. There is no lawyer who could prepare, and no judge who could give, under Rule 1-7A of the Supreme Court, jury instructions as to the issues for trial and burden of proof on the court's record in this case as it existed at the close of the court's business on July 25, 1958.

Further proceedings were had in this cause toward making up the issues, and on April 17, 1959, the court, by its order, sustained plaintiff-appellant's demurrers

and took out of the record the defendant-appellee's second paragraph of answer and cross-complaint, and on this date, April 17, 1959, plaintiff-appellant made her request for a jury trial.

The trial judge controls the steps taken in his court in making up the issues to be tried. Sections 2-1010—2-1014, Burns' 1946 Replacement; *Doughty et al.* v. *State Dept. of Pub. Welf. et al.* (1954), 233 Ind. 475, 478, 121 N. E. 2d 645. If the trial judge judicially knew that the defendant cannot, or will not, file an amended second paragraph of answer, and cannot, or will not, plead over on his cross-complaint to which a demurrer was sustained, the issues on which the case would be tried were first known on April 17, 1959, and the plaintiff's ten days in which to request a jury trial began to run on April 18, 1959.

Under a reasonable and understandable interpretation of Rule 1-8A of the Supreme Court the plaintiff-appellant's request for a jury trial made on April 17, 1959, was timely and should have been granted.

Judgment should be reversed.

NOTE.—Reported in 187 N. E. 2d 582. Transfer denied 196 N. E. 2d 76.