Ed FRONT, Appellant (Defendant Below),

v.

Cheryl [*sic*] D. LANE, Appellee (Plaintiff Below).

No. 3–782A160.

Court of Appeals of Indiana, Third District.

Dec. 20, 1982.

William E. Hedge, Roule & Raelson, La-Porte, for appellant.

Mark L. Phillips, Newby, Lewis, Kaminski & Jones, LaPorte, for appellee.

STATON, Judge.

After a bench trial, the trial court entered judgment against Ed Front on Cheryle Lane's claim for breach of warranties and fraudulent misrepresentation. Lane's claim arose from Front's sale of a car to Lane. Front raises the following issues on appeal:

 I. Was Front denied a fair trial when the trial court permitted Lane to withdraw her demand for a jury trial?

 II. Did the trial court err in allowing a witness to testify as to oral representations which Front made to Lane?

 III. Did the trial court err in allowing Lane to use a deposition when Front did not receive written notice of it until after it had been taken?

Affirmed.

## I.

### Jury Trial

■ In her complaint, Lane had demanded a trial by jury. However, the trial judge indicated on the day of trial that Lane had waived her right to a jury trial and that the claim would be tried to the court. Accordingly, Lane's claim was tried to the court, without the objection of either party.

Ind.Rules of Trial Procedure, Trial Rule 38(D) provides:

 "(D) Waiver. The failure of a party to appear at the trial, and the failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitute waiver by him of trial by jury. *A demand for trial by jury made as herein provided may not be withdrawn without the consent of the other party or parties.*"[1] [Emphasis added.]

Pursuant to TR. 38(D), Front contends that he was denied a fair trial when the trial court permitted Lane to withdraw her demand for a jury trial. He asserts that he did not consent to the withdrawal and, therefore, it should not have been granted.

The trial court did not err in allowing Lane to withdraw her jury trial demand. TR. 39(A)(1) provides that:

 "(1) *If the parties or their attorneys* of record, by written stipulation filed with the court or *by oral stipulation made in open court* and entered in the record, *consent to trial by the court* sitting without a jury upon any and all issues triable by jury as of right and so demanded, *the court shall try those issues without a jury.* The stipulation shall be effective only if filed or made in court before evidence is admitted at the trial or at such later time as the court, in its discretion, may allow." [Emphasis added.]

---

1. Contrary to the quotation of TR. 38(D) appearing in Front's brief, TR. 38(D) does not require *written* consent to the withdrawal of a demand for trial by jury.

Contrary to his assertion, the record reveals that Front consented in open court to the withdrawal, as evinced by the following excerpt:

"THE COURT: This is now Cause LP–80–P–289, captioned, Cheryle D. Lane versus Ed Front. Let the record now show that the plaintiff appears in court in person and with her lawyer, Mr. Phillips, and that the defendant appears pro se. The matter is now before the Court for a trial to the Court, the plaintiff having heretofore waived her right to a jury trial.

THE COURT: Ready to proceed, Mr. Phillips?

MR. PHILLIPS: Yes, your Honor.

THE COURT: Mr. Front, are you ready to proceed?

MR. FRONT: Yes, sir.

THE COURT: Would you, uh ... opening statement, Mr. Phillips?

MR. PHILLIPS: Your Honor, I would waive opening statement at this time. I think it's all set out in our contentions.

THE COURT: Opening statement, Mr. Front?

MR. FRONT: Yes, sir." [Ellipsis original.]

By failing to object to Lane's withdrawal of her demand for jury trial and by acquiescing in the trial to the court, Front consented to the withdrawal under TR. 38(D). *Cf. Hayworth v. Bromwell* (1959), 239 Ind. 430, 434, 158 N.E.2d 285, 286; *Leistikow v. Hoosier State Bank of Indiana* (1979), Ind.App., 394 N.E.2d 225, 228. Therefore, the trial court did not err when it permitted Lane to withdraw her demand for a jury trial.

## II.

### Testimony of Oral Representations

■ Lane's sister was allowed to testify, over Front's objection, as to oral representations which Front made to Lane concerning the condition of the car which Lane bought. Front objected to this testimony based on IC 26–1–2–202, which provides:

"Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented.

(a) by course of dealing or usage of trade (section [26–1–]1–205) or by course of performance (section [26–1]2–208); and

(b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement." [Brackets original; parentheses original.]

(Burns Code Ed.).

Front contends that testimony as to oral representations was inadmissible because it would contradict an alleged written contract between himself and Lane covering the sale of the car. However, there is no evidence of a written contract between the parties. Because Front's contention to the contrary is based on his unsubstantiated allegation, his contention is without merit.

## III.

### Deposition

■ The deposition of Arthur Schlender was taken on November 7, 1981. Neither Front nor counsel for Front appeared at the deposition. The attorneys for Front and Lane had previously agreed as to the date, time, and place of this deposition. More than a week before it was taken, Front's attorney relayed to Front all of this information regarding the deposition and also told Front that Front could attend. Lane's attorney filed a written notice of the deposition on November 4, 1981. On November 6, 1981, Front's attorney filed a motion to withdraw his appearance, which the trial court granted the same day. After learning that Front's attorney had withdrawn his appearance, Lane's attorney sent writ-

ten notice of the deposition directly to Front. However, Front did not receive this written notice until after the deposition had been taken.

Front contends that the trial court erred in allowing Lane to use the deposition because Front did not personally receive written notice of the deposition until after it had been taken. Front bases his contention on TR. 30(B)(1) which provides:

"(B) Notice of examination: General requirements—Special notice—Non-stenographic recording—Production of documents and things—Deposition of organization.

(1) A party desiring to take the deposition of any person upon oral examination shall give *reasonable notice in writing* to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs. If a subpoena duces tecum is to be served on the person to be examined, a designation of the materials to be produced thereunder shall be attached to or included in the notice." [Emphasis added.]

The trial court did not err in allowing Lane to use the deposition. A trial court has broad discretion in the admission or rejection of evidence. *Clouse v. Fielder* (1982), Ind.App., 431 N.E.2d 148, 155. We will reverse the trial court's admission of the deposition only if there is an abuse of this discretion. Here, the trial court did not abuse its discretion.

Front does not deny that he had actual notice of the deposition at least a week prior to when it was taken. As soon as Lane learned that Front's attorney had withdrawn his appearance, Lane's attorney sent written notice of the deposition directly to Front. Front does not allege that he was misled because of his reliance on TR. 30(B)(1), or even that he would have attended the deposition had he received written notice of it prior to its taking.

The purpose of our discovery rules is to allow a liberal discovery procedure. *Chustak v. Northern Indiana Public Service Co.* (1972), 259 Ind. 390, 395, 288 N.E.2d 149, 153. The trial court's admission of the Schlender deposition was within the spirit of our discovery rules. Therefore, the trial court did not err in allowing Lane to use the deposition.

Affirmed.

HOFFMAN, P.J., concurs.

GARRARD, J., concurs in result.