Filed 10/7/24

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| KENNETH W. LATHROP et al., | B331970 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 22NWCV01494) |
| v. | |
| THOR MOTOR COACH, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Reversed with directions.

Lawrence J. Hutchens and Shay Dinata-Hanson for Plaintiffs and Appellants.

Horvitz & Levy, Lisa Perrochet, Shane H. McKenzie, and Claire W. Sears; Bravo Law Group, Dolores E. Gonzales and James R. Robertson, for Defendants and Respondents.

# INTRODUCTION

Kenneth and Janet Lathrop bought a motorhome manufactured by Thor Motor Coach, Inc. from a dealer in California. The Lathrops sued the dealer and Thor under the Song-Beverly Consumers Warranty Act (Civ. Code, § 1790 et seq.)[1] and the Consumer Legal Remedies Act (CLRA) (§ 1750 et seq.). Thor filed a motion under Code of Civil Procedure section 410.30 to stay the action based on a forum selection clause in Thor's warranty designating Indiana as the exclusive forum. The warranty also stated that the Lathrops waived their right to a jury trial and that Indiana law would govern all disputes.

Thor acknowledged that the jury trial waiver was unenforceable under California law and that the choice-of-law clause was unenforceable because any waiver of the provisions of the Song-Beverly Act or the CLRA was contrary to public policy. To address these problems, Thor offered to stipulate the substantive provisions of the Song-Beverly Act and the CLRA, and "all other unwaivable California substantive rights," would apply in an Indiana court. The trial court granted the motion to stay, and the Lathrops appealed.

We conclude that the trial court erred in placing the burden on the Lathrops to show enforcing the forum selection clause was unreasonable and that Thor did not meet its burden to show litigating in Indiana would not substantially diminish the Lathrops' rights in violation of public policy. We also conclude that enforcing the forum selection clause in reliance on Thor's

---

[1]     Undesignated statutory references are to the Civil Code.

2

proposed stipulation would violate California public policy and that, even if it didn't, Thor's proposed stipulation was insufficient to protect the Lathrops' unwaivable statutory rights. Therefore, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Lathrops Purchase a Motorhome Manufactured by Thor*

In May 2021 the Lathrops bought a new Thor motorhome for $212,391.78 from Mike Thompson RV in Santa Fe Springs, California. The Lathrops made a $20,000 downpayment and signed a retail installment sales contract for the balance. The Lathrops also signed a two-page Thor Motor Coach Product Warranty Registration Form (Warranty Registration Form). The second page stated: "**IMPORTANT!** The purchaser(s) and selling dealership signatures below indicate their understanding and acceptance of [Thor's] terms and conditions . . . ." Below that statement were nine bullet points, including:

- Before I purchased my motorhome, I received, read and agreed to the terms and conditions of the Thor Motor Coach Limited Warranty and the Thor Motor Coach Structural Limited Warranty. I understand I can read and print a copy of the Owner's Manual and Limited Warranties from the Thor Motor Coach website.
- I understand and agree to the forum selection clause and choice of law clause set forth in the Thor Motor Coach Limited Warranty and the Thor Motor Coach Structural Limited Warranty.

3

- **I AGREE THAT ANY AND ALL ACTIONS OF ANY KIND RELATED TO OUR MOTORHOME SHALL BE DECIDED BY A JUDGE RATHER THAN BY A JURY.**
- **I UNDERSTAND THAT EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO ALLEGED BREACH OF EXPRESS WARRANTY AND IMPLIED WARRANTIES THAT ARISE BY OPERATION OF LAW AS WELL AS THOSE RELATING TO REPRESENTATIONS OF ANY NATURE RESTS IN THE COURTS WITHIN THE STATE OF MANUFACTURE, WHICH IS INDIANA.**

One week later, the Lathrops picked up their motorhome at Mike Thompson RV and received an owner's manual and a 16-page Warranty Guide.[2] Included in the Warranty Guide was a four-page Thor Motor Coach Limited Warranty (Limited Warranty). The Limited Warranty, under the heading "Legal Remedies," contained forum selection and choice-of-law provisions:

> **EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO ALLEGED BREACH OF EXPRESS WARRANTY AND BREACH OF IMPLIED WARRANTIES ARISING BY OPERATION OF LAW AS WELL AS THOSE RELATING TO REPRESENTATIONS OF ANY**

---

[2] The two-page Warranty Registration Form the Lathrops received and signed one week earlier "originates from" the Warranty Guide, but the dealer photocopied it and presented it to the Lathrops as a separate document.

**NATURE MUST BE FILED IN A STATE OR FEDERAL COURT WITHIN THE STATE OF MANUFACTURE, WHICH IS INDIANA. ALSO, THIS LIMITED WARRANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF INDIANA. ANY AND ALL CLAIMS, CONTROVERSIES AND CAUSES OF ACTION ARISING OUT OF OR RELATING TO THIS LIMITED WARRANTY, WHETHER SOUNDING IN CONTRACT, TORT, OR STATUTE, SHALL BE GOVERNED BY THE LAWS OF THE STATE OF INDIANA, INCLUDING ITS STATUTE OF LIMITATIONS, WITHOUT GIVING EFFECT TO ANY CONFLICT-OF-LAW RULE THAT WOULD RESULT IN THE APPLICATION OF THE LAWS OF A DIFFERENT JURISDICTION.**

B. *The Lathrops File This Action, and the Trial Court Grants Thor's Motion To Stay*

In December 2022 the Lathrops filed this action against Thor, Mike Thompson RV, and U.S. Bank National Association (the assignee of the sales contract). The Lathrops alleged the defendants violated the Song-Beverly Act by not performing necessary repairs to correct defects in their motorhome within a reasonable time or in a reasonable number of attempts and by not returning the Lathrops' money or replacing the motorhome. The Lathrops also alleged Thor violated the CLRA by inserting an unconscionable provision in the Limited Warranty and by not providing the Limited Warranty at the time of sale.

Thor filed a motion (joined by the other defendants) under Code of Civil Procedure section 410.30 to stay the action on the ground of inconvenient forum. Thor argued the forum selection clause in the Limited Warranty required the Lathrops to file any action for breach of warranty in Indiana. Acknowledging a buyer's rights under the Song-Beverly Act and the CLRA were "essentially unwaivable," Thor stated that, to "allay any concerns in that regard," it would offer the following stipulation:

"By this motion, THOR, MIKE THOMPSON RECREATIONAL VEHICLES, and U.S. BANK NATIONAL ASSOCIATION stipulate that (1) the substantive provisions of the Song Beverly Consumer Warranty Act (CA *Civil Code* section 1790, *et seq*) and the CA Consumers Legal Remedies Act (CA *Civil Code* section 1750, *et seq*), along with all other unwaivable California substantive rights, will apply to Plaintiffs' currently enumerated claims when pursued in an action against them in Indiana; and (2) these Defendants will not oppose a request that the Indiana court utilize the Song Beverly Consumer Warranty Act and Consumers Legal Remedies Act to adjudicate those allegations. Further, should Plaintiffs wish, THOR, MIKE THOMPSON RECREATIONAL VEHICLES, and U.S. BANK NATIONAL ASSOCIATION will enter into a separate written stipulation to that effect."

The Lathrops opposed the motion, arguing that the forum selection clause was permissive, not mandatory; that they did not freely and voluntarily agree to it; and that it was unconscionable. The Lathrops stated they did not accept Thor's stipulation offer and argued the offer did not make the forum selection clause enforceable.

The trial court granted the motion to stay. The court found the Lathrops signed the Warranty Registration Form, which included a mandatory forum selection clause giving Indiana exclusive jurisdiction over the Lathrops' causes of action. The court stated the clause appeared in large, bold type "right above the signature line." The court ruled enforcing the forum selection clause was not "unreasonable given the circumstances of this case." The Lathrops timely appealed from the order granting the motion to stay the action.[3]

## DISCUSSION

A. *Applicable Law and Standard of Review*

"'California favors contractual forum selection clauses so long as they are entered into freely and voluntarily, and their enforcement would not be unreasonable.'" (*Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 146 (*Verdugo*); see *Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 496; *Rheinhart v. Nissan North America, Inc.* (2023) 92 Cal.App.5th 1016, 1031.) "This favorable treatment is attributed to our law's devotion to the concept of one's free right to contract, and flows from the important practical effect such contractual rights have on commerce generally." (*America Online, Inc. v. Superior Court* (2001) 90 Cal.App.4th 1, 11 (*America Online*).) A court will typically enforce a forum selection clause unless it is "unfair or unreasonable." (*EpicentRx,*

---

[3]     An order staying an action under Code of Civil Procedure section 410.30 on the ground of forum non conveniens is appealable. (Code Civ. Proc., § 904.1, subd. (a)(3); *Olinick v. BMG Entertainment* (2006) 138 Cal.App.4th 1286, 1293, fn. 6.)

7

*Inc. v. Superior Court* (2023) 95 Cal.App.5th 890, 899 (*EpicentRx*), review granted Dec. 13, 2023, S282521; see *Verdugo*, at p. 147.)

"Nonetheless, 'California courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates our state's public policy.'" (*Verdugo*, *supra*, 237 Cal.App.4th at p. 147; see *EpicentRx*, *supra*, 95 Cal.App.5th at p. 899, review granted.) "The party opposing enforcement of a forum selection clause ordinarily 'bears the "substantial" burden of proving why it should *not* be enforced.' [Citations.] That burden, however, is reversed when the claims at issue are based on unwaivable rights created by California statutes. In that situation, the party seeking to enforce the forum selection clause bears the burden to show litigating the claims in the contractually designated forum 'will not diminish in any way the substantive rights afforded . . . under California law.'" (*Verdugo*, at p. 147; accord, *EpicentRx*, at p. 900; *Rheinhart v. Nissan North America, Inc.*, *supra*, 92 Cal.App.5th at p. 1031.)

We review an order enforcing a forum selection clause for abuse of discretion. (*Schmidt v. Trinut Farm Management, Inc.* (2023) 92 Cal.App.5th 997, 1006; *Verdugo*, *supra*, 237 Cal.App.4th at p. 148.) We review de novo whether the trial court applied the correct legal standard in exercising its discretion. (*Esparza v. Safeway, Inc.* (2019) 36 Cal.App.5th 42, 59.)

B.    *The Trial Court Applied the Wrong Standard in Ruling on Thor's Motion To Enforce the Forum Selection Clause*

The Lathrops argue the trial court erred in requiring them to "demonstrate that enforcement of the clause would be unreasonable," rather than requiring Thor to show litigating in Indiana would not diminish the Lathrops' rights under California law.  Because their causes of action were based on unwaivable statutory rights, the Lathrops are correct.

The Song-Beverly Act, California's lemon law, "protects consumers who purchase defective vehicles or other goods." (*Niedermeier v. FCA US LLC* (2024) 15 Cal.5th 792, 800.) A consumer's rights under the Song-Beverly Act are unwaivable. (See § 1790.1 ["Any waiver by the buyer of consumer goods of the provisions of [the Song-Beverly Act], except as expressly provided in this chapter, shall be deemed contrary to public policy and shall be unenforceable and void."]; *Rheinhart v. Nissan North America, Inc.*, *supra*, 92 Cal.App.5th at p. 1034 [the Song-Beverly Act's "antiwaiver provision is extremely broad; it is not limited to warranties or any particular timeframe during the purchase process, but encompasses all mandated remedies afforded to buyers"].)

The CLRA "prohibits 'unfair methods of competition and unfair or deceptive acts or practices' in transactions involving the sale of goods or services to any consumer." (*Gutierrez v. Carmax Auto Superstores California* (2018) 19 Cal.App.5th 1234, 1249; see § 1770.)  Like the Song-Beverly Act, the CLRA contains an anti-waiver provision.  (See § 1751 ["Any waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void."]; *America Online*, *supra*, 90 Cal.App.4th

9

at p. 5 [section 1751 "voids any purported waiver of rights under the CLRA as being contrary to California public policy"].)

Therefore, in cases brought under the Song-Beverly Act or the CLRA, the party seeking to enforce a forum selection clause has the burden to show litigating in a different forum will not diminish the plaintiff's unwaivable rights. (See *Rheinhart v. Nissan North America, Inc.*, *supra*, 92 Cal.App.5th at pp. 1034-1035 [in a case under the Song-Beverly Act, the automobile manufacturer had to "show that enforcing [a release] would '"not diminish in any way [the buyer's] substantive rights afforded . . . under California law"'"]; *America Online*, *supra*, 90 Cal.App.4th at p. 11 ["Where the effect of transfer to a different forum has the potential of stripping California consumers of their legal rights deemed by the Legislature to be nonwaivable, the burden must be placed on the party asserting the contractual forum selection clause to prove that the CLRA's antiwaiver provisions are not violated."].)

Rather than analyzing whether Thor met that burden, the trial court applied the rules applicable to enforcing a forum selection clause where unwaivable statutory rights are not involved. In its order granting Thor's motion to stay, the trial court quoted *Lu v. Dryclean-U.S.A. of California, Inc.* (1992) 11 Cal.App.4th 1490, 1493: "'Given the importance of forum selection clauses, both the United States Supreme Court and the California Supreme Court have placed a heavy burden on a plaintiff seeking to defeat such a clause, requiring it to demonstrate that enforcement of the clause would be unreasonable under the circumstances of the case.'" The trial court stated it would "limit its analysis to determining whether [the forum selection clause's] enforcement is unreasonable given

10

the circumstances of this case."  The court also stated:  "There is no public policy which would compel denial of a forum selection clause in a contract which has been entered into freely and voluntarily by the parties who have negotiated at arms' length."  The court did not mention the Song-Beverly Act or the CLRA; did not mention that those statutes provide unwaivable rights; and did not state that, when unwaivable rights are involved, the defendant has the burden to show litigating in a different forum will not diminish those rights.

Thor tries mightily to explain away the trial court's error by attempting to rewrite the court's order to say what it doesn't say.  Thor contends that, when the court mentioned the plaintiff's "heavy burden," the trial court was merely "laying out the general principles" and that "the court did not state that, *in this case*, plaintiffs bore the initial burden."  That contention might have had a modicum of merit had the court gone on to articulate more specific principles that applied to this case, but the court did not do that.  Thor also contends the "trial court was aware that the '"burden is reversed when the claims at issue are based on unwaivable rights created by California statutes'" because [the Lathrops] emphasized that point in bold font in their trial court briefing *and* defendants agreed."  But Thor, in its motion to stay, argued the opposite:  "Because the forum selection clause in Thor's limited express warranty is mandatory and because an Indiana court can provide the relief [the Lathrops are] seeking, the burden falls on [the Lathrops] to demonstrate that enforcement of the clause is unreasonable."  Only in its reply brief did Thor state it did "not dispute" the burden "lies with a moving Defendant."  The trial court agreed with the argument in Thor's motion.

11

Thor also argues it "would be improper to assume the trial court ignored the parties' briefs and applied an improper burden analysis, when its discussion hinged on the defendants' stipulation, which is the key to defendants meeting their burden where unwaivable rights are in play." Assuming Thor is referring to the trial court's written order (there is no transcript of the hearing on the motion to stay), the court only briefly mentioned the offer to stipulate and did not discuss its significance, did not mention unwaivable rights, and did not suggest Thor had the burden to show the forum selection clause was enforceable.

Although we "presume the trial court knew and properly applied the law absent evidence to the contrary" (*McDermott Will & Emery LLP v. Superior Court* (2017) 10 Cal.App.5th 1083, 1103), the trial court's order granting Thor's motion to stay is clear evidence to the contrary. The trial court erred in failing to consider whether Thor met its burden to show litigating in Indiana would not diminish the Lathrops' unwaivable rights under the Song-Beverly Act or the CLRA.

C.   *Thor Failed To Show Litigating in Indiana Would Not Substantially Diminish the Lathrops' Unwaivable Statutory Rights*

To meet its burden, Thor had to show an Indiana court would provide "the same or greater rights than California" or would "apply California law on the claims at issue." (*Verdugo*, *supra*, 237 Cal.App.4th at p. 157.) Because the Limited Warranty contained not only an Indiana forum selection clause but also an Indiana choice-of-law clause, an Indiana court could

12

enforce several terms of the Limited Warranty that would be unenforceable under the Song-Beverly Act.[4]

The Limited Warranty offered the Lathrops less protection than the Song-Beverly Act.  For example, under the Limited Warranty Thor could require the buyer to deliver the motorhome to a service facility in Indiana or "another authorized service center or dealership for certain repairs"; the Song-Beverly Act requires a manufacturer to provide service facilities and repair facilities "reasonably close to all areas where its consumer goods are sold" (§ 1793.2, subd. (a)).  In addition, the Limited Warranty disclaimed consequential and incidental damages; the Song-Beverly Act allows a buyer to recover those damages (§ 1794, subds. (a), (b)(2); Cal. U. Com. Code, §§ 2714, 2715).  And the Limited Warranty provided that, if a defect is incurable, the buyer's "sole and exclusive remedy" is "diminished value damages"; the Song-Beverly Act requires a seller to replace the vehicle or "make restitution in an amount equal to the actual price paid" (§ 1793.2, subd. (d)(2)(B)).

Given the consumer-protection deficit between the terms of the Limited Warranty and the Song-Beverly Act, Indiana did not provide the Lathrops the same or greater rights than California. (See *America Online, supra*, 90 Cal.App.4th at p. 15 [forum selection clause in a contract with a Virginia choice-of-law clause was unenforceable in a CLRA class action because "Virginia's law provides significantly less consumer protection to its citizens than California law provides for our own"]; see also *Verdugo, supra*, 237 Cal.App.4th at p. 160 [trial court erred in enforcing

_____

[4]      Indiana has a lemon law similar to California's, but unlike the Song-Beverly Act, it does not apply to motorhomes.  (See Ind. Code § 24-5-13-5, subd. (4).)

13

Texas forum selection and choice-of-law clauses where the employer failed "to show the remedies Texas law provides are 'adequate,' let alone that enforcing the forum selection clause would not diminish," the employee's unwaivable rights under the Labor Code].)

Litigating in Indiana under Indiana law would deprive the Lathrops not only of their rights under the Song-Beverly Act, but also their right to a jury trial. Because a predispute jury trial waiver, such as the one in the Warranty Registration Form, is unenforceable under California law (see *Grafton Partners v. Superior Court* (2005) 36 Cal.4th 944, 951), California courts refuse to enforce forum selection clauses that result in a waiver of the right to a jury trial. (See *EpicentRx*, *supra*, 95 Cal.App.5th at p. 908 ["the trial court properly declined to enforce the forum selection clauses because they constituted implied predispute jury trial waivers—waivers of an inviolate, fundamental, and constitutionally protected right"], review granted;[5] *Handoush v. Lease Finance Group, LLC* (2019) 41 Cal.App.5th 729, 741 ["the trial court erred in enforcing the forum selection clause in favor of a New York forum where the clause includes a predispute jury trial waiver, which [*Grafton Partners v. Superior Court*] instructs is unenforceable under California law"].)[6]

---

[5] The Supreme Court granted review in *EpicentRx*, *supra*, 95 Cal.App.5th 890, review granted, to decide whether a forum selection clause is enforceable when a party's right under California law to a jury trial for that party's civil claims would not apply in the forum identified by the clause.

[6] Thor argues "the right to a jury trial is coextensive in Indiana and in California," but Thor provides no authority a

14

D.    *Thor's Offer To Stipulate Did Not Cure the Problem*

1.    *Requiring the Lathrops To Accept Thor's*
*Stipulation Would Violate Public Policy*

Acknowledging Indiana does not provide the same or greater rights than California, Thor argues "a party seeking to enforce a forum selection clause may stipulate that California law will apply in the new forum, which is sufficient to establish that enforcement of the forum selection clause will not diminish a plaintiff's non-waivable rights."  The Lathrops argue that, because "Thor's stipulation offer amounted to an evasion of . . . consumers' unwaivable rights, . . . endorsing the stipulation itself is contrary to California public policy."  The Lathrops contend that, if the court allows Thor to stipulate to sever clauses Thor knows are unenforceable in California, Thor "will not be deterred from drafting the illegal clauses in the first place."  No California case yet has directly addressed whether a stipulation to apply California law renders an otherwise unenforceable forum selection clause enforceable.  We hold it does not.

Because Thor's offer to stipulate (which the Lathrops did not accept) was essentially a request the trial court sever the unenforceable portions of the Warranty Registration Form and Limited Warranty and enforce the remainder, we look to case law governing severance of unlawful or unconscionable provisions in a contract.  (See § 1599 ["Where a contract has several distinct objects, of which one at least is lawful, and one at least is

_____

predispute jury waiver is unenforceable under Indiana law.  (See, e.g., *Heston v. International Medical Group, Inc.* (S.D.Ind. 2020) 477 F.Supp.3d 829, 832-833 [enforcing a jury trial waiver provision in insurance policy under Indiana law].)

15

unlawful, in whole or in part, the contract is void as to the latter and valid as to the rest."].)  In that context, the court should ask "whether the contract's unconscionability *can* be cured purely through severance or restriction of its terms, or whether reformation by augmentation is necessary." (*Ramirez v. Charter Communications, Inc.* (2024) 16 Cal.5th 478, 516; see *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 124-125.)  However, "[e]ven if a contract *can* be cured, the court should also ask whether the unconscionability *should* be cured through severance or restriction because the interests of justice would be furthered by such actions." (*Ramirez*, at p. 516; see *Armendariz*, at p. 124 ["The overarching inquiry is whether "'the interests of justice . . . would be furthered'" by severance."].) "In conducting this analysis, the court may also consider the deterrent effect of each option." (*Ramirez*, at p. 517.)

Assuming without deciding the unenforceable provisions of the Warranty Registration Form and Limited Warranty can be cured purely by severance or restriction, approving Thor's proposed stipulation, and requiring the Lathrops to accept it, would not further the interests of justice.  Thor acknowledges its choice-of-law provision and jury waiver are unenforceable under the Song-Beverly Act, yet it routinely includes those provisions in its Limited Warranty when it sells a motorhome in California.  When a customer files an action in California and argues the provisions are unenforceable, Thor offers to stipulate not to enforce the unenforceable provisions, in exchange for the court enforcing the Indiana forum selection clause.[7]  Even if Thor's

---

[7]     Federal district courts have transferred actions under title 28 United States Code section 1404(a), to the Northern

16

stipulation protects the rights of the plaintiffs who are savvy enough to obtain experienced legal representation, file in California, and argue the forum selection clause implicates their unwaivable statutory rights, other California consumers, compelled by the forum selection clause, may file suit in Indiana and only later discover that Indiana's lemon law does not cover motorhomes and that they have given up unwaivable California statutory rights. Still others may be deterred from pursuing their claims at all.

Accepting Thor's proposed stipulation and enforcing its forum selection clause would also create an incentive for Thor to

---

District of Indiana in reliance on Thor's (or its subsidiary Jayco Inc.'s) stipulation in a number of cases. (See *Torres v. Jayco, Inc.* (C.D.Cal., Mar. 6, 2024, No. EDCV 24-0065-KK-SHKx) 2024 WL 1559730, p. 4; *Zastawnik v. Thor Motor Coach, Inc.* (C.D.Cal., June 16, 2023, No. CV 22-08663-PSG-AS) 2023 WL 5167363, p. 3; *Frisby v. Thor Motor Coach, Inc.* (C.D.Cal., Jan. 24, 2023, No. CV 22-2047-MWF (SHKx)) 2023 WL 1420434, p. 4; *Jung v. Thor Motor Coach, Inc.* (C.D.Cal., Jan. 20, 2023, No. EDCV 22-1763 JGB (KKx)) 2023 WL 1475109, pp. 6-7; *Pinkevich v. Thor Motor Coach, Inc.* (C.D.Cal., Nov. 16, 2022, No. 2:22-cv-05985-ODW (Ex)) 2022 WL 19333282, p. 3; *Derosa v. Thor Motor Coach, Inc.* (C.D.Cal., Sept. 30, 2020, No. 2:20-cv-04895-SVW-PLA) 2020 WL 6647734, p. 4; *Baxter v. Thor Motor Coach, Inc.* (E.D.Cal., Apr. 20, 2020, No. 2:19-cv-01532 JAM-CKD) 2020 WL 1911549, p. 4.) Three federal district courts have rejected proposed stipulations and denied motions to transfer venue. (See *Scott v. Airstream, Inc.* (S.D.Cal., Feb. 7, 2024, No. 23-cv-01808-AJB-MSB) ___ F.Supp.3d ___ [2024 WL 1122439, p. 4]; *Gorga v. Thor Motor Coach, Inc.* (N.D. Cal., Feb. 6, 2024, No. 23-cv-03603-RFL) 2024 WL 1090650, p. 2; *Waryck v. Thor Motor Coach, Inc.* (S.D. Cal., Jan. 13, 2023, No. 22-cv-1096-L MDD) 2023 WL 3794002, p. 5.)

continue to include admittedly unenforceable provisions in its warranties and would deter Thor from revising its warranty to comply with California law.  (See *Ramirez v. Charter Communications, Inc.*, *supra*, 16 Cal.5th at p. 517 ["severing multiple unconscionable provisions from an agreement and enforcing the remainder could 'create an incentive for an employer to draft a one-sided arbitration agreement in the hope employees would not challenge the unlawful provisions, but if they do, the court would simply modify the agreement to include the bilateral terms the employer should have included in the first place'"]; *Mills v. Facility Solutions Group, Inc.* (2022) 84 Cal.App.5th 1035, 1045 [same]; see also *Armendariz v. Foundation Health Psychcare Services, Inc.*, *supra*, 24 Cal.4th at p. 124, fn. 13 ["An employer will not be deterred from routinely inserting [an unlawful] clause into the arbitration agreements it mandates for its employees if it knows that the worst penalty for such illegality is the severance of the clause after the employee has litigated the matter.  In that sense, the enforcement of a form arbitration agreement containing such a clause drafted in bad faith would be condoning, or at least not discouraging, an illegal scheme, and severance would be disfavored unless it were for some other reason in the interests of justice."].)  Several federal district courts in California have refused to transfer cases against Thor or related companies to districts in other states for this very reason.  (See, e.g., *Scott v. Airstream, Inc.* (S.D.Cal., Feb. 7, 2024, No. 23-cv-01808-AJB-MSB) ___ F.Supp.3d ___ [2024 WL 1122439, p. 4] ["accepting [the motorhome manufacturer's] proposed stipulations would likewise contravene California public policy because it would not deter the drafter from including such a clause"]; *Gorga v. Thor Motor Coach, Inc.* (N.D.Cal., Feb. 6,

18

2024, No. 23-cv-03603-RFL) 2024 WL 1090650, p. 2 ["Accepting [Thor's] stipulations and enforcing the forum selection clause would encourage and condone [Thor's] decision to continue using warranty agreements that it is aware contravene California public policy."]; *Waryck v. Thor Motor Coach, Inc.* (S.D.Cal., Jan. 13, 2023, No. 22-cv-1096-L MDD) 2023 WL 3794002, p. 5 ["accepting [Thor's] stipulations or severing the clauses would . . . contravene California public policy," and the court "should not condone" such a "scheme"].)

Thor argues including the Indiana choice-of-law provision in the Limited Warranty was not improper because, although the provision is unenforceable under the Song-Beverly Act, it is enforceable under other statutes, such as California Uniform Commercial Code section 1301, subdivision (a).[8] Thor asserts California consumers who cannot sue under the Song-Beverly Act—because they purchased a motorhome outside California, from a private seller, or for business purposes—may bring "California Uniform Commercial Code warranty claims . . . ." But Thor does not explain why it provides consumers who *are* covered by the Song-Beverly Act (undoubtedly the majority of purchasers in California) with a warranty that complies with the California Uniform Commercial Code but not the Song-Beverly Act.[9]

---

[8]     Which states: "Except as otherwise provided in this section, when a transaction bears a reasonable relation to this state and also to another state or nation, the parties may agree that the law either of this state or of the other state or nation shall govern their rights and duties."

[9]     Nor does Thor explain why its Limited Warranty does not contain different choice-of-law terms for buyers covered by the

Thor also argues it "is not surprising that warranty agreements . . . intended to apply in all 50 states . . . may include provisions—like the jury waiver provision—that are not enforceable in some individual states." Thor contends its warranty "puts California consumers on notice that California substantive law may apply, including the right to a jury trial or California's lemon law," by including language required by the federal Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq.) stating: "This limited warranty gives you specific legal rights. You may also have other rights, which vary from state to state and province to province."[10] But a disclosure the consumer "may also have other rights" is not a disclosure a provision "may not

_____

Song-Beverly Act and buyers who are not, which the warranty does for other terms. For example, the Limited Warranty provides a one-year warranty generally, but a 90-day warranty for motorhomes purchased for business purposes.

[10] Magnuson-Moss "requires disclosures in connection with written warranties, regulates the substantive content of warranties, and establishes a federal cause of action for breach of a written or an implied warranty (15 U.S.C. § 2310(d)), among other provisions. Magnuson-Moss does not substitute federal law for state law of consumer product warranties, but instead supplements state law." (*Orichian v. BMW of North America, LLC* (2014) 226 Cal.App.4th 1322, 1330.) The Federal Trade Commission intended the "other rights" disclosure to "negate the assumption (often incorrect) that the warranty sets forth the buyer's only recourse" and to inform consumers they may pursue other theories of liability, including the implied warranty of merchantability. (40 Fed.Reg. 60179 (Dec. 31, 1975); see 16 C.F.R. § 701.3(a)(9) (2015).)

apply to you." The "other rights" disclosure, which appears below the Indiana choice-of-law clause, does not inform a California consumer that Indiana law may not govern or that the consumer may bring a cause of action under California's Song-Beverly Act or the CRLA.[11] Moreover, the "other rights" disclosure in the Legal Remedies section of the Limited Warranty does nothing to notify California consumers they may have the right to a jury trial; the jury waiver appears in the Warranty Registration Form, which does not have an "other rights" disclosure.

Thor relies on *Verdugo*, *supra*, 237 Cal.App.4th 141, which discussed the possibility a defendant might be able to stipulate to apply California law, but did not squarely decide whether such a stipulation would make a forum selection clause enforceable. In *Verdugo* an employee asserted causes of action under the Labor Code against her employer, who moved to stay the action based on a Texas forum selection clause in her employment agreement. (*Verdugo*, at p. 146.) The employer argued enforcing the forum selection clause would not diminish the employee's unwaivable rights because under Texas choice-of-law principles a Texas court would likely apply California law to the employee's wage-and-hour causes of action, notwithstanding a Texas choice-of-law clause in the employment agreement. (*Id*. at p. 158.) The court in *Verdugo* rejected the employer's argument, stating the employer "could have eliminated any uncertainty on which law a

---

[11] In contrast, under the section on limitation and disclaimer of implied warranties, the Limited Warranty contains the following disclosure, also required by Magnuson-Moss (see 16 C.F.R. § 701.3(a)(7) (2015)): "Some states and provinces do not allow limitations on how long an implied warranty lasts, so the above limitation may not apply to you."

Texas court would apply by stipulating to have a Texas court apply California law in deciding Verdugo's claims, but [the employer] did not do so." (*Ibid.*)  The court concluded the employer's "failure to stipulate that California law applies, coupled with its efforts to minimize the significance of the public policy underlying [the employee's] Labor Code rights," undermined the employer's contention a Texas court would likely apply California law.  (*Id.* at p. 159.)  Although the court in *Verdugo* mentioned the defendant's unwillingness to stipulate to apply California law in the new forum as a reason not to enforce a forum selection clause, the court did not have occasion to decide whether such a stipulation would have met the defendant's burden to show litigating in the different forum would not diminish the plaintiff's unwaivable rights.

Thor cites several cases where federal district courts, relying on stipulations offered by Thor, have transferred actions under title 28 United States Code section 1404(a) to the Northern District of Indiana; the Lathrops cite a smaller number of cases that have refused to transfer cases on public policy grounds (see footnote 8).  The persuasive value of these cases, however, is limited:  Opposing a motion to transfer based on a forum selection clause is generally more difficult in federal court, where "the plaintiff bears the burden of showing why transfer to the bargained forum is unwarranted." (*Scott v. Airstream, Inc.*, *supra*, ___ F.Supp.3d at p. ___ [2024 WL 1122439, p. 2]; see *Frisby v. Thor Motor Coach, Inc.* (C.D.Cal., Jan. 24, 2023, No. CV-22-2047-MWF (SHKx)) 2023 WL 1420434, p. 4 ["Plaintiff has not met his burden in demonstrating that the forum-selection clause is unenforceable based on the public policy factor in [*M/S Bremen v. Zapata Off-Shore Co.* (1972) 407 U.S. 1]."].)

### 2. *Even if Thor's Proposed Stipulation Did Not Violate Public Policy, It Was Insufficient*

Even if a stipulation to apply California law rather than Indiana law could salvage an otherwise unenforceable forum selection clause, Thor's proposed stipulation was not sufficient. Thor agreed "the substantive provisions" of the Song-Beverly Act and the CLRA "along with all other unwaivable California substantive rights will apply to [the Lathrops'] currently enumerated claims when pursued in an action against them in Indiana." This stipulation, however, created several opportunities for unwaivable rights mischief in Indiana.

For example, Thor's inclusion of the modifier "substantive" creates the potential for disputes over which rights are substantive and which are procedural. Thor asserts the phrase "other unwaivable California substantive rights" includes the right to a jury trial (which, as discussed, the Warranty Registration Form waived), but an Indiana court could rule that right is not a "substantive right." (See *Handoush v. Lease Finance Group, LLC, supra*, 41 Cal.App.5th at p. 737 ["Whether the right to a jury trial in a civil case is a substantive or procedural right is an open question."];[12] *Hayworth v. Bromwell*

─────────────

[12] California's "predispute jury waiver rule contain[s] both substantive and procedural elements. On the one hand, the "'rule—which allocates tasks between a judge and a jury—describes 'merely a form and mode of enforcing' the law,'" which suggests it is procedural in nature. [Citation.] On the other hand, the "'rule on pre-dispute jury trial waivers embodies the state's substantive interest in preserving the 'right to a jury trial in the strongest possible terms' [citation], an interest the California Constitution zealously guards, see Cal. Const.

(1959) 239 Ind. 430, 435 ["While the right itself is a substantive matter, the method or manner in which it may be waived or exercised is clearly a procedural question."].)  In addition, an Indiana court could apply Indiana law to cap the Lathrops' damages or apply a higher burden of proof on the ground those issues are not "substantive."  (Compare Ind. Code § 24-5-0.5-4 [damages for an uncured or incurable willful deceptive act capped at $1,000 under Indiana's Deceptive Consumer Sales Act] with § 1794, subds. (c), (e)(1) [buyer may recover a civil penalty of up to two times actual damages under the Song-Beverly Act].)  And, by limiting the proposed stipulation to "currently enumerated claims," Thor's offer to stipulate denied the Lathrops their (procedural) right under California law to amend their complaint to assert additional causes of action, including those based on unwaivable statutory rights.  (See Civ. Proc. Code, § 472, subd. (a) [plaintiff may amend a pleading once without leave of court before the defendant files a responsive pleading].)

And there's more:  Thor's proposed stipulation also directs an Indiana court to apply Indiana law in interpreting the warranty.  The Legal Remedies section of the Limited Warranty contained two choice-of-law provisions:  (1) a specific or narrow provision stating the warranty "shall be interpreted and construed in accordance with the laws of the state of Indiana"

---

art. I, § 6.""""  (*EpicentRx*, *supra*, 95 Cal.App.5th at p. 903, review granted.)  The court in *Handoush v. Lease Finance Group, LLC*, *supra*, 41 Cal.App.5th 729 concluded that, even if the predispute jury waiver rule was procedural, it served """substantive state policies'" of preserving the "'right to a jury trial'""" and that therefore the defendant had the burden of showing that enforcing the forum selection clause would not diminish the plaintiff's substantive rights under California law.  (*Id.* at p. 740.)

24

and (2) a general provision stating Indiana law applied to all claims "arising out of or relating to" the warranty, "whether sounding in contract, tort, or statute."  (See *Narayan v. EGL, Inc.* (9th Cir. 2010) 616 F.3d 895, 898 ["narrow choice-of-law clauses, providing under what law an agreement 'shall be interpreted and enforced,' apply only to the interpretation and enforcement of the contract itself; they do not 'encompass all disputes between the parties'"]; *Benchmark Electronics, Inc. v. J.M. Huber Corp.* (5th Cir. 2003) 343 F.3d 719, 726 [choice-of-law provision addressing only "the construction and interpretation of the contract" did not govern claims for fraud and negligent misrepresentation].)  Thor's proposed stipulation modified only the second provision by stating California law would govern the Lathrops' causes of action under the Song-Beverly Act and the CLRA.  But the stipulation left intact the first provision, allowing an Indiana court to interpret a provision in the warranty under Indiana law in a way that might diminish or eliminate one of the Lathrops' unwaivable statutory rights under California law.  For example, under the Song-Beverly Act the Lathrops can seek incidental and consequential damages, but the warranty (which the first choice-of-law provision requires the Indiana court to interpret under Indiana law) precludes the Lathrops from recovering those damages.  Faced with this conflict between the Song-Beverly Act and the warranty provision limiting damages, an Indiana court will not be able to apply conflict-of-law rules: Thor's proposed stipulation did not alter the provision in the Limited Warranty prohibiting a court in Indiana from engaging in a conflict-of-law analysis that would result in the court applying the law of a state other than Indiana.

Finally, Thor cannot guarantee an Indiana court will apply California law to the Lathrops' Song-Beverly and CLRA causes of action. As stated, Thor offered to stipulate it would "not oppose a request that the Indiana court utilize the Song Beverly Consumer Warranty Act and Consumers Legal Remedies Act to adjudicate those allegations." But even if Thor said it would not oppose the Lathrops' request that a court in Indiana apply the Song-Beverly Act and the CLRA, Thor did not say it would join that request, and ultimately it will be up to the courts in Indiana to decide whether to honor all or part of the proposed stipulation. Claiming "Indiana courts routinely apply California law in cases just like this one," Thor cites (not Indiana state court cases, but) three federal cases from the Northern District of Indiana, two of which applied the Song-Beverly Act or the CLRA (before granting motions by the defendants in those cases to dismiss or for summary judgment on those claims).[13] But none of these cases sheds light on how an Indiana court would interpret Thor's

---

[13] See *Raymond v. Thor Motor Coach Inc.* (N.D.Ind., Aug. 2, 2023, No. 3:21-CV-222 JD) 2023 WL 4930105, p. 4 (granting the defendant's motion for summary judgment on Song-Beverly claims because the plaintiff, a California resident, bought the motorhome outside California); *Truitt v. Forest River, Inc.* (N.D.Ind., Sept. 7, 2021, No. 3:20-CV-964 JD) 2021 WL 4061591, p. 9 (granting the defendant's motion to dismiss Song-Beverly claims for the same reason as the court did in *Raymond* and granting the defendant's motion to dismiss the CLRA claims for failing to allege sufficient facts to support a plausible inference the defendant knew of the alleged defect). In the third case, the plaintiff cited a case decided under the Song-Beverly Act, but did not assert a claim under that act. (See *Popham v. Keystone RV Company* (N.D.Ind., Sept. 19, 2016, No. 3:15-CV-197-TLS) 2016 WL 4993393, p. 6.)

stipulation or apply California law in this case, nor did any of them mention a forum selection clause or whether the case was originally filed in California.

## DISPOSITION

The order granting Thor's motion to stay is reversed, and the trial court is directed to enter a new order denying the motion. The Lathrops' motion to augment the record is granted, and Thor's motion for judicial notice is granted. The Lathrops are to recover their costs on appeal.


SEGAL, J.


We concur:


MARTINEZ, P. J.


FEUER, J.


27